Girard Coal Co. *v.* Finnessey et al., Appellants.

Argued October 11, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Ward C. Henry,* and with him *George J. Schorr,* for appellant.

*Albert H. Wernick,* for appellee.

OPINION BY GAWTHROP, J., December 12, 1929:

Plaintiff has judgment for damage to its automobile truck sustained in a right angle collision at the inter-

section of Chestnut Street and 53rd Street in Philadelphia. Defendant produced no testimony. The testimony of plaintiff's witness, the driver of the truck, warrants a finding of these facts: Plaintiff's truck was being driven west on Chestnut Street. When the driver reached the intersection of 53rd Street he "slowed down to about five or eight miles an hour" and looked north and south and saw another truck approaching the intersection from the north at a distance of one hundred and fifty feet. He proceeded across 53rd Street and when he was about half way across the intersection he noticed that defendant's truck was about fifty or seventy-five feet from him. He kept moving and when the front wheels of his truck were "a little further across" than the middle of 53rd Street, defendant's truck struck plaintiff's truck just back of the front fender and knocked it across Chestnut Street to the southeast corner of the intersection.

On these facts the questions whether defendant's driver was negligent and whether plaintiff's driver was guilty of contributory negligence were for the fact finding tribunal, and could not be ruled as matters of law. It could be found that plaintiff's driver was in the intersection of the streets substantially in advance of defendant's truck so as to afford him reasonable time to clear the crossing and, in all probability, avoid a collision if defendant's driver was doing his duty. Defendant's driver could see that plaintiff's truck was committed to the crossing and was well in advance of defendant's truck. There was no evidence of the speed at which the defendant's truck was travelling. Plaintiff's driver was under no duty to anticipate negligence on the part of defendant's driver. The case differs radically from Frank v. Pleet, 87 Pa. Superior Ct. 494, and Westcott v. Geiger, 92 Pa. Superior Ct. 80, relied upon by appellant. In Frank v. Pleet, when the plaintiff was at the houseline, he saw defend-

ant's automobile fifty or sixty feet away, approaching at a speed of twenty-five or thirty miles an hour, and there was no evidence that he continued to look while undertaking to make the crossing. In Wescott v. Geiger, when plaintiff reached the curbline, he saw defendant's truck at a distance of one hundred and fourteen feet from the point of the paths where the two machines would intersect, and kept on going without looking at the truck again. Our conclusion in those cases that the plaintiffs were guilty of contributory negligence as matter of law was grounded upon the obvious fact that the plaintiff contributed to the accident either by failure to continue to look and driving blindly on until he was struck, or by testing an obvious danger. The evidence in the present case does not warrant such a conclusion. It follows that the trial judge was right in refusing the defendant's point for binding instructions and in overruling its motion for judgment n. o. v.

The judgment is affirmed.