Toyer, Appellant, *v.* Lipkin.

384

Argued October 8, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*David H. Kinley,* for appellant.

*Raymond A. White, Jr.,* and with him *Maurice W. Sloan* of *Sloan, White & Sloan,* for appellee.

Opinion by Baldrige, J., December 12, 1930: ·

This was an action of trespass to recover damages for personal injury and property loss sustained by plaintiff resulting from a collision between a truck and an automobile at the intersection of two streets in the City of Philadelphia.

Shortly after seven o'clock on the morning of December 27, 1927, the plaintiff was driving his automobile south on Creighton Street. When he reached the northwest corner of Creighton Street and Wyalusing Avenue, he stopped his car four to six feet north of the curb line, blew his horn and put out his hand. At this point, he said, he could see east on Wyalusing Avenue two hundred fifty feet or more; that he saw nothing approaching and then proceeded about twenty-five or thirty feet. He was then near the middle of the intersecting street and was turning his car to the left when he saw the oncoming truck at a distance of about one or two hundred feet, travelling at the rate of approximately forty miles an hour. The truck hit the rear of plaintiff's car, knocking the back wheels completely off and throwing the plaintiff and one of the other occupants of the car out on the sidewalk.

The trial judge submitted the question of plaintiff's contributory negligence and defendant's negligence to the jury and a verdict was found in favor of the plaintiff. The court subsequently entered judgment for defendant n. o. v., which the appellant has assigned for error.

Viewing the facts in the light most favorable to the plaintiff and giving him the benefit of every inference, we are all of the opinion that the verdict of the jury should not have been disturbed.

The plaintiff's car was first in the intersection and was there far enough ahead of the defendant's truck to prevent the plaintiff from being found guilty of contributory negligence for proceeding as a matter of

law. When he committed himself to the intersecting streets, the defendant's truck must have been more than from one to two hundred feet distant as it was that far away from him after he had travelled from where he stopped, north of the curb, to almost the middle of the street.

This case, in our judgment, comes within the principle laid down in Girard Coal Co. v. Finnessey, 97 Pa. Superior Ct. 341, where Judge GAWTHROP, in delivering the opinion of the court, said, "It could be found that plaintiff's driver was in the intersection of the streets substantially in advance of defendant's truck so as to afford him reasonable time to clear the crossing and, in all probability, avoid a collision if defendant's driver was doing his duty. Defendant's driver could see that plaintiff's truck was committed to the crossing and was well in advance of defendant's truck ...... Plaintiff's driver was under no duty to anticipate negligence on the part of defendant's driver." In that case, as here, Frank v. Pleet, 87 Pa. Superior Ct. 494, and Westcott v. Geiger, 92 Pa. Superior Ct. 80, were relied upon, but their facts, as was clearly pointed out, are not within the principle governing Girard Coal Co. v. Finnessey, supra, and we think they are not applicable here.

The order of the lower court is reversed and judgment is now directed to be entered on the verdict for the plaintiff and against the defendant.