# Brown et ux., Appellants, v. Philadelphia.

*Negligence—Municipalities—Hole in sidewalk—Covered with water—Testing danger—Contributory negligence—Nonsuit.*

1. In an action against a city to recover damages for personal injuries, a nonsuit is properly entered where it appears plaintiff, a woman, as she was walking on a sidewalk, stepped into a pool of water three quarters of a yard long, one-half yard wide, and six or seven inches deep, and was injured; her testimony was in effect that she was looking ahead, saw the pool before stepping into it, but could not tell that it covered a hole deep enough to cause a fall; she did not walk on the other part of the pavement, because, as she testified, she "did not think of it"; and, while she stated there was constantly water there in different places, she did not say there were other pools of water, or that there was not sufficient room on the sidewalk for her to have avoided the pool in question.

2. In such a case as plaintiff preferred testing a danger, when there were other parts of the pavement upon which she could have walked with safety, she is not entitled to recover.

Argued March 26, 1920. Appeals, Nos. 189 and 190, Jan. T., 1920, by plaintiffs, from order of C. P. No. 2, Phila. Co., Dec. T., 1916, No. 2650, refusing to take off nonsuit in case of George Brown and Lottie Brown, his wife, v. City of Philadelphia. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WESSEL, J.

The facts are stated in the opinion of the Supreme Court.

The trial judge entered a compulsory nonsuit which the court subsequently refused to take off. Plaintiffs appealed.

*Error assigned* was refusal to take off nonsuit.

*Danl. G. Murphy,* of *Murphy & Levy,* for appellants.

*Wm. M. Stewart, Jr.,* Assistant City Solicitor, with him *David J. Smyth,* City Solicitor, for appellee.

PER CURIAM, April 12, 1920:

December 28, 1916, about 3:45 p. m., Lottie Brown was going along the east sidewalk of South Forty-seventh street, Philadelphia; when in front of No. 1429, she stepped into a pool of water three quarters of a yard long, one-half yard wide and six or seven inches deep; she was thrown to the ground and sustained injuries. Both plaintiff and her husband sued the City of Philadelphia in trespass, alleging negligence and there are two appeals from the refusal of the court below to remove judgments of nonsuit.

Plaintiff testified she was looking ahead and saw the pool of water before stepping into it, but could not tell it covered a hole deep enough to cause a fall. When asked why she did not walk on the "other part of the pavement," she replied, "I did not think of it." At another point in her testimony she said, "There is constantly water there in different places"; but she did not say there were other pools of water or that there was not sufficient room on the sidewalk for her to have avoided the particular pool in question.

In entering the nonsuit, the trial judge very properly stated: "There were other parts of the pavement upon

·which she could have walked in safety......; she [preferred] testing a danger,......and injury resulted.   I am of opinion her conduct was so negligent that she is not entitled to recover."

The judgment is affirmed.