# Hazlett, Appellant, *v.* Director General of Railroads.

*Negligence—Railroads — Automobiles — Collision at crossing— Stop, look and listen—Presumption—Death.*

1. Where the presumption that a traveler stopped, looked and listened before going upon a railroad track where he was killed, is rebutted by uncontradicted evidence offered by plaintiff, there can be no recovery.

2. Where all the evidence shows that the deceased should have stopped, looked and listened at a point fourteen feet from the track, and the only person who saw the accident, a witness for the plaintiff, testifies positively that he did not stop at that point, or at any other place where a view could be had until he reached the track, and was then immediately struck, there can be no recovery.

3. It is vain to say that a traveler stopped, looked and listened, if, in spite of what his eyes and ears must have told him, he walked or drove right in front of an approaching train and was immediately struck.

Argued April 18, 1922. Appeal, No. 172, Jan. T., 1922, by plaintiff, from judgment of C. P. Huntingdon Co., May T., 1920, No. 31, on verdict for defendant, in case of Glennie A. Hazlett v. Director General of Railroads. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before BAILEY, P. J.

The opinion of the Supreme Court states the facts.

Verdict for defendant by direction of the court and judgment thereon. Plaintiff appealed.

*Error assigned,* inter alia, was direction of verdict for defendant, quoting record.

*W. H. Trude* and *H. H. Waite,* for appellant, cited: Eline v. Ry., 262 Pa. 33; Buckman v. Ry., 232 Pa. 351; Cent. R. R. of N. J. v. Feller, 84 Pa. 226; Woodruff v. R. R., 231 Pa. 640; Schmidt v. Ry., 244 Pa. 205; Kohler v. R. R., 135 Pa. 346; Ely v. R. R., 158 Pa. 233; Weiss v. R. R., 79 Pa. 387.

*John D. Dorris,* for appellee, was not heard.

OPINION BY MR. JUSTICE WALLING, May 25, 1922:

This appeal by plaintiff is from judgment entered for the defendant upon a directed verdict in a grade crossing case. At the time in question there was on the north bank of the Juniata River three miles east of Huntingdon Borough a group of summer cottages, one of which was owned and occupied by Cloyd A. Hazlett, the deceased. The state highway is about six hundred feet north of the river and midway between the two is the main line of the Pennsylvania Railroad, consisting of four tracks, the eastbound passenger track being the most southerly. The cottage dwellers reached the state highway by a farm road which crossed the railroad tracks at grade and practically at right angles. On the morning of September 3, 1919, the deceased started to drive his Cadillac car from the cottage to his place of business in Huntingdon, and as he drove onto the south track (the first one to which he came) was struck and instantly killed by a rapidly moving eastbound express train. The verdict was directed for the defendant on the

ground of contributory negligence, wherein we find no
error.

The railroad was higher than the abutting land, so
the tracks were approached from the south on an up-
grade. Owing to trees, undergrowth, bushes, etc., there
was practically no place where the northbound traveler
could obtain a view of the tracks to the west until within
fourteen feet of the south rail, which was as near the
track as a car like Mr. Hazlett's could be safely driven.
From that point there was an unobstructed view to the
west for fourteen hundred feet, except for a telephone
pole, which stood seventy-five feet west of the crossing,
and by making the point of observation two feet nearer
the track, which could easily be done by leaning forward
in the car, the view was entirely open for that distance.
This case differs from Shaffer v. Penna. R. R. Co., 258
Pa. 288, as there the view was obstructed by a building
and it did not appear that the deceased knew he could
get a longer vision by leaning forward in his car, and
it was also there affirmatively shown that the traveler
did stop, look and listen. All agree that a point not
more than twelve or fourteen feet south of the track was
the proper place to stop for the purpose of looking and
listening. It was a bright morning, Mr. Hazlett was
thoroughly familiar with the crossing and whether he
stopped there, as the law required him to do, was a vital
question in the case. The presumption was that he did,
but it was rebutted by the uncontradicted evidence on be-
half of plaintiff and by the circumstances. The only eye
witness to the accident, Mrs. Bessie Campbell, was stand-
ing one hundred and seventy-five feet north of the cross-
ing, and saw the deceased as he came up the farm road
from his cottage, then lost sight of him for a time when
he was behind the railroad fill, but again saw the top of
his car (it being up) and later the driver and front of the
car as he came up the grade toward the tracks. As a
witness for plaintiff, she testified positively that the car
was not stopped while within her vision and was im-

mediately struck as it reached the south track. It is urged that Mr. Hazlett may have stopped while down in the depression, out of her sight; that is true, but from down there he could get no view, for reasons above stated; so such stop, if made, was without avail, as the traveler must stop where he can see and the fourteen feet point was the first place, and when there he was in plain sight of Mrs. Campbell and made no stop according to her evidence. Where, as here, the presumption that the traveler stopped, looked and listened, before going upon the track, is rebutted by the uncontradicted evidence offered for plaintiff, there can be no recovery: see Schmidt v. Phila. & R. Ry. Co., 244 Pa. 205.

Moreover, such presumption is here rebutted by the fact that the deceased drove directly in front of the near approaching train, which was in full view from the place where it was his duty to stop. It is vain to say the traveler stopped, looked and listened if, in spite of what his eyes and ears must have told him, he walked or drove right in front of an approaching train and was immediately struck. This is too familiar law to require the citation of authorities and, being a plain case, the rule must be applied.

The judgment is affirmed.