# Hines v. Reitman, Appellant.

*Negligence—Contributory negligence—Sidewalks—Fall on.*
In an action of trespass to recover damages for personal injuries there can be no recovery, where the evidence established that plaintiff was hurt in a fall in a small puddle of grease on a pavement, which she saw, and which she might readily have avoided by walking on either side of it.

Argued December 12, 1924. Appeals, Nos. 310 and 311, Oct. T., 1924, by defendants, from judgments of C. P. No. 2, Phila. Co., Sept. T., 1923, No. 276, on verdict for plaintiffs in the case of Katherine Hines by her father and next friend, Samuel Hines, and Samuel Hines, v. Samuel Reitman, trading as Fairview Garage. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries. Before GORDON, JR., J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Katherine Hines, in the sum of $2,000 and for plaintiff, Samuel Hines, in the sum of $500, and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Ralph B. Evans,* for appellant.

*William T. Connor,* and with him *John R. K. Scott,* for appellee.

OPINION BY KELLER, J., February 27, 1925:

On a clear day in July, 1923, in broad daylight, Katherine Hines was walking on Thirty-Fourth Street, Philadelphia, carrying in her arms two bottles of milk which she had just bought. When about four feet past the corner of Wallace Street, on the sidewalk in front of defendant's garage, she came to a round puddle, about eighteen inches in diameter, of what she supposed was dirty water. She first saw it in crossing the street from the southwest to the northeast corner of Thirty-Fourth and Wallace Streets, when she was halfway across the street. It was in the middle of the sidewalk and there was plenty of room for her to pass on either side of it. She did not do so, but stepped into it. It turned out to be oil or grease. She fell and cut her wrists on the broken glass from one of the bottles she was carrying. This action in trespass was brought by her and her father to recover the damages respectively sustained by them.

We are of opinion that under the ruling of our Supreme Court in Brown v. Phila., 267 Pa. 183, she was

guilty of such contributory negligence as barred a recovery in the action.

In that case the plaintiff while walking on Forty-Seventh Street saw on the sidewalk a pool of water about twenty-seven inches long and eighteen inches wide. It had been raining and thinking it was only a low spot in the sidewalk the plaintiff, although she could have avoided it, stepped into it, not knowing it was a hole. It proved to be six or seven inches deep and caused her fall and injury. The court held she was guilty of contributory negligence in stepping into the pool of water, when she might have avoided it.

We think that case rules this one. Here the plaintiff with plenty of room to pass on either side chose to step into the pool or puddle in front of her, relying upon her belief that it was only black or dirty water. It had not been raining and there was no evidence of any street sprinkling which might have caused a puddle of water there. There was a garage at this point and plaintiff knew there was an oil tank on the sidewalk by the garage near where this pool was. Instead of stepping around it, she chose to test the possible danger. It did not turn out to be a hole, but it did prove to be oil, causing her fall. The case would be entirely different if it had been raining at the time and the whole pavement had been wet; or if the oil had extended over the sidewalk from the house line to the curb, leaving no space for her to walk on either side of it, as in Grinage v. McGlinchey, 62 Pa. Superior Ct. 294 and Patterson v. Phila., 56 Pa. Superior Ct. 651.

The assignments of error are sustained and the judgments reversed.