## Morris *v.* Zinn, Appellant.

*Negligence—Damages—Impairment of earning power—Suffering—Verdict—Not excessive—Appeals—Review.*

1. A judgment on a verdict for personal injuries will not be set aside as excessive, where there is ample evidence to substantiate it.

*Appeals—Statement of question involved.*

2. The appellate court will not discuss points beyond those covered by appellant's statement of the question involved.

Argued April 12, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 191, Jan. T., 1926, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1924, No. 1336, on verdict for plaintiff, in case of Nelson Morris v. Joseph Zinn. Affirmed.

Trespass for personal injuries. Before McCULLEN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $8,431. Defendant appealed.

*Error assigned* was, inter alia, refusal of new trial, quoting record.

*C. G. Fenerty,* with him *Louis R. J. Fenerty* and *John J. Sullivan,* for appellant.

*Herman L. Hecht,* for appellee.

PER CURIAM, May 3, 1926:

Plaintiff recovered a verdict for personal injuries, judgment was entered in his favor and defendant has appealed; the latter states but one question involved and this concerns only the amount of the verdict, which

he alleges to be excessive. In overruling this contention, the court below well said: "Plaintiff, 57 years of age, had for twenty years been steadily engaged as a hod-carrier. The upper bone in [his] right arm was fractured near the shoulder. A joint has been destroyed, a shortening of the bone of the arm has resulted, and a permanent injury has followed, so that, as was testified, 'he will never have the free use of his arm for laboring work, never as long as he lives.' At the time of the accident he was being paid wages at the rate of one dollar per hour, and was earning $44 per week. Up to the time of the trial he had lost in wages, because of his injuries, $3,936; this [fact] was......undisputed, [and it] leaves $4,500 of the verdict [to cover] past and future .....suffering and for future loss in earning capacity [such capacity, before its impairment, being as high as $2,200 a year, and the impairment being very considerable].....Immediately after the accident, plaintiff was taken to the Hahnemann Hospital, where he remained for one month and one day; subsequently he went to the Philadelphia Orthopædic Hospital three months for treatment. He complains that he suffered pain and that he continues to suffer pain because of his injuries, and it is manifest that, with a shortened and impaired right arm, which he cannot fully raise but which must have restricted movement, he will continue to be subject to physical discomfort, wholly apart from the question of the lessening of his earning capacity."

On the evidence presented at trial, particularly as to plaintiff's continued physical suffering and his inability to perform common labor,—the only work he was fitted for prior to the accident,—we cannot say the court below abused its discretion in sustaining the award to plaintiff. In reaching this conclusion, we have given due consideration to all matters argued by counsel for appellant; though, following our established rule, we shall not discuss points, suggested in appellant's brief,

beyond those covered by his statement of the question involved, further than to say that, on this record, none shows reversible error.

The judgment is affirmed.