## Miller *v.* Coca Cola Bottling Works, Appellant.

42

Argued April 16, 1929. Before Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Paul G. Collins,* with him *Frank L. Martin, Scragg & Scragg* and *M. J. Martin,* for appellant.

*Stanley F. Coar,* with him *David J. Reedy,* for appellee.

Per Curiam, May 13, 1929:

On June 16, 1925, plaintiff, a carpenter, 47 years of age and weighing 170 pounds, while employed at defendant's factory, where he had been sent by his employer to make repairs to a ceiling, was injured by one of defendant's trucks, operated by its employee, backing against a movable scaffold upon which plaintiff was at the time working, causing him to be thrown to the concrete floor below, a distance of 14 feet, alighting on

his feet and receiving injuries for which this action was; brought to recover compensation. A verdict was rendered in plaintiff's favor and judgment was subsequently entered thereon. Defendant appealed.

At the trial in the court below, defendant's counsel conceded plaintiff's right to recover, stating the sole question being the amount necessary to reasonably compensate him for injuries received and sustained as a result of the accident, claiming, however, that his alleged failing physical condition has been greatly exaggerated, and that, instead of being permanently injured as claimed, he has fully recovered from the effects of the fall. The testimony, on the latter contention especially, was quite conflicting. The case was fairly submitted to the jury by the trial judge, counsel for both parties expressing themselves as satisfied with the court's charge. In addition to plaintiff's own testimony describing the happening of the accident, his injuries and their extent, his regular physician, who had attended him continuously from one month following the accident down to the trial, described his injuries and their seriousness and also said they were progressive, that his general physical condition was fifty per cent worse than at the time the doctor first saw him, and that "there is nothing known to modern science to stop this progress; if it goes on to the same extent in the next two years that it has in the last, this man will not [then] be walking." For eleven months following the accident plaintiff was not able to work, since then he has been employed at intervals, his work however being confined entirely to labor which requires him to remain on the ground.

On the other hand, defendant called as witnesses three doctors, one of whom treated plaintiff during the four weeks immediately succeeding the accident, but had not seen him for more than two years before the trial, another examined him twice in the latter part of March, 1926, and also a few days preceding the trial, and the third a few days previous to the trial; these witnesses

said they found no objective indications of injury and that plaintiff's claim of pain in his legs and other parts of his body was not borne out by their examination and that they found nothing denoting a permanent injured condition. To what extent plaintiff was entitled to recover, depended entirely upon oral testimony, and the jurors having seen the witnesses, including plaintiff, and heard them testify, and, there being ample testimony, if believed, to sustain the conclusion reached, we are not justified in finding that "plaintiff's exaggerated failing physical condition" is beyond what might reasonably be expected to follow an accident of the character here complained of. After reading the testimony, we doubt if a different result would be reached if a new trial should be granted.

Judgment affirmed.