## Fougeray et al. *v.* Pflieger, Appellant.

66

Argued January 3, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Michael A. Foley,* for appellant.—Negative testimony cannot prevail to establish the location of a sign in the face of direct positive testimony presented by defendant: Salerno v. Ry., 46 Pa. Superior Ct. 243.

The mere happening of the accident alone does not give rise to an inference of negligence: Beck v. R. R., 233 Pa. 334; Muckenbeck v. Transit Co., 92 Pa. Superior Ct. 442; Zeher v. Pittsburgh, 279 Pa. 168.

The trip and not the existence of the sign on the sidewalk was the proximate cause of the accident: Herr v. City of Lebanon, 149 Pa. 222; Griffin v. R. R., 67 Pa. Superior Ct. 392; Bruggeman v. York, 259 Pa. 94.

Damages are never presumed; they must be proven or at least such facts must be established as will furnish a basis for their assessment according to some definite and legal rule: Beck v. R. R., 233 Pa. 234.

In such cases, the character of proof required is that the expert must testify not as to possibilities or probabilities but that in his professional opinion the permanent injuries, which must be disclosed, exist and were caused by or resulted from the accident: McCrosson v. P. R. T., 283 Pa. 492; Vorbonoff v. Mesta Machine Co., 286 Pa. 199; Mudano v. P. R. T., 289 Pa. 51; Zenzil v. R. R., 257 Pa. 473; Parker v. Motor Car Co., 241 Pa. 461.

*William Charles Brown,* with him *Edwin J. McDermott,* for appellees.—The appellant by placing or permitting the ice cream sign upon the sidewalk in the position in which it was when the minor appellee fell over it was negligent: Morse v. Chessman, 86 Pa. Superior Ct. 256; Kreiner v. Straubmuller, 30 Pa. Superior Ct. 609; Brown v. White, 202 Pa. 297; McNerney v. Reading, 150 Pa. 611; Rachmel v. Clark, 205 Pa. 314; Vallo v. U. S. Express Co., 147 Pa. 404; Marinaro v. Anders, 101 Pa. Superior Ct. 56.

The position of the sign upon the sidewalk was the cause of the minor appellee's injury: Morris v. Elec. Co., 278 Pa. 361; Madden v. R. R., 236 Pa. 104; Allen v. Willard, 57 Pa. 374; P. & R. R. R. v. Huber, 128 Pa. 63.

OPINION BY MR. JUSTICE SCHAFFER, January 30, 1934:

This action is brought to recover damages for personal injuries received by Elizabeth M. Fougeray, a minor, in falling over a sign on the pavement of defendant's property. Verdicts were rendered in her and her parents'

favor. From the judgments which followed defendant appeals.

Appellant conducts a drug store on the corner of 67th and Ogontz Avenues in Philadelphia. On the pavement he had placed a sign advertising ice cream which he sold. The sign was thirty-five inches high, two feet wide and stood upon prongs or feet having a spread of sixteen inches. At the time of the accident the sign was near the houseline in the pathway of pedestrian travel. There was testimony that it was lying face down on the pavement with its prongs or feet in the air.

About one o'clock in the afternoon the minor plaintiff, then eleven years old, was on her way to school. To reach her destination she had to traverse the pavement on which the sign rested. It was a rainy, windy day. A five-year-old brother accompanied her. She had him by one hand and in the other carried an umbrella at an angle in front of her. She tripped over the sign, fell on it and ruptured her spleen so severely that a surgeon had to remove it that night.

It is contended by appellant that there was not sufficient evidence of negligence to take the case to the jury. We cannot acquiesce in this view. The sign lying on the pavement where there was evidence that defendant had placed it was a dangerous impediment to travel on the footway. Obstructions placed on the footwalks of the streets of a municipality are a nuisance, and the party responsible therefor is liable to one injured by his illegal act. Adjoining owners are not justified in placing or permitting an obstruction on a pavement which may produce injury to a passer-by: Rachmel v. Clark, 205 Pa. 314; Brown v. White, 202 Pa. 297; McNerney v. Reading, 150 Pa. 611; Vallo v. U. S. Express Co., 147 Pa. 404; Kreiner v. Straubmuller, 30 Pa. Superior Ct. 609. While defendant denied that the sign was lying on the pavement and testified, and produced other witnesses to corroborate his statement, that it was standing up against the wall of his building, there was sufficient evi-

dence from which it could be concluded that it was lying down. Witnesses testified that defendant admitted he had so placed it because of the wind. This testimony was not negative as appellant argues. The conflict in the evidence was for the jury's solution.

It is pressed upon our attention that it was error for the trial judge to submit to the jury as an element of damages an alleged permanent injury to the minor plaintiff caused by the removal of her spleen. It is said in this connection that at the time of the trial, two years after the accident, no ill effects were apparent and that the medical testimony as to permanent ill effects was vague and uncertain. All that the court said on this subject was that the jury might give the minor plaintiff compensation for the loss of her spleen, taking into consideration the testimony of the surgeon on that phase of the case. While the testimony of the physician indicates that all the functions of the spleen are not scientifically established nor the results of its extirpation in all cases predictable, we could not pronounce it error to instruct the jury that they might compensate for its loss.

The third complaint of appellant is that the court did not strike out testimony as to the bill of one of the physicians who attended the child. He did not testify to the value or extent of his services. He treated her from the time of the accident, February 17th, until May 14th. How frequently he attended the child does not appear. Nothing was shown about his charge per visit. The child's father testified that he had received a bill from the doctor for $1,040. The bill was not offered in evidence. This being all that was shown, the court erred in submitting the charge as an item of damages. The trial judge himself seems to have been in doubt as to the claim, since he told the jury that there was no testimony to give them a fair measure of the value of the doctor's services. In the opinion on the motion for judgment n. o. v. and a new trial the lower court stated that the bill was excessive and reduced the verdict $500. The difficulty which

confronts us is that there was no competent proof on the matter whatever. This being so, no allowance should have been made. The situation is the same as it was in Brown v. White, 202 Pa. 297, 312, where we said, speaking of the unproven value of medical services: "It was incumbent on the plaintiff before she could recover from the defendant compensation for medical aid to furnish the jury evidence from which they could determine what had been paid for such services or such amounts as the services were reasonably worth. Failing in this, there was no basis on which the jury could estimate or intelligently determine this element of the plaintiff's damages."

Under the circumstances we conclude that it is not necessary to award a new trial, but that there must be a further reduction of $540 in the judgment recovered by the parents, Eugene P. Fougeray and Agnes C. Fougeray. The judgment is directed to be so reduced, and as thus entered it is affirmed. The judgment in favor of the minor, Elizabeth M. Fougeray, is affirmed.