Cowen, Appellant, *v.* Katz et al.

Argued November 19, 1937.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Francis Macomb Gumbes,* for appellant.

*Philip H. Strubing* and *John B. Martin,* for appellees.

OPINION BY JAMES, J., March 4, 1938:

Plaintiff brought her action in trespass, against Ber-
nard Katz, to recover for injuries sustained by her
through the alleged negligence of the defendant. By
a writ of scire facias, the original defendant joined
Edward P. Roberts, as an additional defendant, alleg-

ing that Roberts was alone liable to plaintiff. The case was tried by the court without a jury, and upon the conclusion of plaintiff's testimony, the court allowed defendants' motions for a nonsuit. From the refusal of plaintiff's motion to remove the nonsuit, she has appealed.

From the evidence it appears that at about 7:45 A. M. on April 30, 1934, the cars of the two defendants collided at the intersection of Springfield Avenue and Forty-ninth Street in Philadelphia. On hearing the crash, plaintiff, who was on the third floor of a building on the northwest corner, looked down into the street and saw the cars and the oil and debris on Springfield Avenue at the westerly side of Forty-ninth Street. About fifteen minutes later, plaintiff came out of the building and walked on Forty-ninth Street to the intersection with Springfield Avenue where she noticed the automobiles involved in the collision and the oil and debris on the street. She then started to cross Springfield Avenue from the northwest to the southwest corner. She testified that while crossing the street she noticed some water and oil flowing from the cars towards her, and, in order to avoid stepping in it, she took a step backward to the left. She happened to step in some of the debris and fell, thus sustaining the injuries which are the subject of this suit.

No testimony was offered to show the manner in which the collision occurred, nor was it shown that the collision was the result of negligence on the part of either defendant. This is not a case in which a presumption of negligence arises from the mere happening of an accident. Appellant argues that the thing which caused the injury was under the control of the defendant Katz, and, therefore, an inference of negligence arises. The premise on which this conclusion is reached is not sound, since two cars were involved. Cases cited by appellant are, therefore, not in point. Nor can we

agree that the negligence of the defendants is established by the pleadings. Appellant relies upon the allegations contained in the writ of scire facias, issued by defendant, and the answer thereto, filed by the additional defendant, in which each driver charged the other with negligence. The pleadings were not put in evidence and, therefore, are not properly before the court: *Buehler v. U. S. Fashion Plate Co.,* 269 Pa. 428, 112 A. 632, but, even if they had been put in evidence, it is obvious that the allegations would have no evidential value since neither defendant admitted negligence on his part.

Moreover, it appears from appellant's evidence that she was guilty of contributory negligence. She saw the cars and the debris and oil from her window immediately after the crash. Before she started to cross she saw the oil and debris in the street, but explained that it was not in the "direct line" of her path, yet it appears that by taking just one step backward and to the left she stepped in debris and fell in the debris and oil. It was broad daylight with nothing obstructing her view of the crossway, the cars or the debris and oil. She saw the oil in the street which she says was not in the "direct line" of her path, yet she had walked to the middle of the street before this "sudden" flow of oil crossed her path. Under these facts, we are of the opinion that appellant, by choosing a path through, or immediately adjacent to, the debris and the pool of oil, tested an obvious danger and was guilty of contributory negligence: *Hines v. Reitman,* 84 Pa. Superior Ct. 502; *Brown v. Phila.,* 267 Pa. 183, 110 A. 164. The argument, that having found herself in a position of danger appellant was not held to that degree of care which would ordinarily be required, is not applicable for the reason she saw the dangerous condition before she walked into it.

The order is affirmed.