## CONRAD v. GLEESON.
### No. 20012.

District Court, E. D. Pennsylvania.
April 20, 1938.

Francis M. McAdams, of Philadelphia, Pa., for plaintiff.

T. Henry Walnut, of Philadelphia, Pa., for defendant.

JOHNSON, District Judge.

This is an action of trespass for personal injuries received in an automobile collision alleged to have resulted from the negligent operation by defendant of his automobile on May 6, 1937. The case was tried before the court and a jury and a verdict rendered for the plaintiff in the sum of $5,000. The defendant is now asking for a new trial, assigning therefor five reasons, all of which were abandoned at the argument except reason No. 5 which alleges that the verdict was excessive.

Plaintiff was thirty-five years of age at the time of the accident and had for twelve years been employed as a fitter in a woman's clothing store. At the time she was being paid wages of approximately $20.75 per week. Up to the time of the trial she has lost wages in the amount of $875.67, and had incurred expenses of $97.50 because of her injuries. This leaves $4,026.83 of the verdict to cover past and future suffering and loss of earning power.

On the evidence presented at the trial, particularly covering plaintiff's continued physical suffering and loss of earning power because of inability to resume her employment as a fitter, the verdict appears to be reasonable and supported by the evidence.

In such case the amount of compensation for pain and suffering and the loss of earning power is for the jury to determine. Fredericks v. Atlantic Refining Co., 282 Pa. 8, 127 A. 615, 38 A.L.R. 666; Morris v. Zinn, 286 Pa. 281, 133 A. 507.

The reasons assigned for a new trial are without merit and must, therefore, be dismissed.

And now, the reasons for a new trial are dismissed and a new trial is refused and the clerk is directed to enter judgment for the plaintiff on the verdict.