## Hayes *v.* Axelrod, Appellant.

Argued December 9, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John B. Martin,* with him *Duane, Morris & Heckscher,* for appellant.

*Edward A. Kelly,* for appellee, was not heard.

OPINION BY MR. JUSTICE MAXEY, January 9, 1939:

Plaintiff brought an action in trespass against defendant to recover damages for injuries sustained when he was struck by a truck driven by defendant.

At 8:30 a. m., on June 11, 1936, plaintiff, a milk driver salesman, stopped his horse and wagon in front of 105 Kenilworth Street, Philadelphia, heading west, "right close to the [north] curb," about 40 feet west of Front Street. He stopped at that address to make a milk delivery and to pick up some empty bottles across the street. The wagon was four feet ten inches wide from wheel to wheel. There was a door and a set of two steps in the middle of each side of the wagon, the top step being within the line of the wagon, and the bottom step extending three inches beyond the wheels. Plaintiff testified that while in the wagon he looked out of the back and saw no vehicles approaching. He then backed out of the wagon and paused on the top step of it. He remained in this position for a short time, assorting bottles and getting a milk bottle for delivery. His face was toward the interior of the wagon. He then put his foot on the lower step with his hands on each side of the door. While in this position the truck of the defendant, coming north on Front Street, made a left-hand turn into Kenilworth Street and its right fender struck de-

fendant in the back and knocked him off the step of the wagon, seriously injuring him. Plaintiff testified that after the accident he was lying between the truck and the wagon, his leg being close to the truck's "right rear wheel," in front of it, and the remainder of his body "out from the truck." There was no contact between the milk wagon and the truck and there was no evidence that the truck was being driven at an excessive rate of speed.

One of plaintiff's witnesses testified that the truck "took a wide turn," and that after the accident it was about two and a half feet from the body of the milk wagon. This witness was asked: "How long a time expired between the time you saw him [the plaintiff] on the side of the wagon and the time when he was struck by the truck?" He replied: "It was not two solid minutes." He also said, and was corroborated by another witness, that plaintiff was on the step of the wagon when defendant's truck came around the corner.

Another witness for plaintiff testified that he saw plaintiff "get hit with the right fender of the truck" and "knocked off" of the step, that the milk wagon was the only vehicle on the street before the truck came around the corner, and that after the accident the front of the truck stopped about even with "the middle of the horse," and that the truck was 22 inches away from the wagon.

There was no oral testimony given as to the width of Kenilworth Street but the court below in its opinion said: "The photographs in evidence show that there was ample room for a vehicle to have passed in safety between him [plaintiff] and the south curb."

Defendant offered no evidence. The jury returned a verdict for plaintiff in the sum of $8,300. Defendant's motions for judgment n. o. v. and for a new trial were overruled. This appeal followed.

It is obvious that plaintiff made out a case of negligence against defendant. It was in evidence that the accident happened on a "clear day." In order to hit the plaintiff, defendant's car must have been running closer

to the milk wagon than is consistent with due care. Plaintiff's wagon headed west was parked close to the curb on a street of ample width for two vehicles to pass without "crowding" each other. While plaintiff was engaged in his business on that wagon, defendant's truck, which was proceeding north, as already stated, made a "too wide" left turn westward into Kenilworth Street. As defendant's truck was in rapid motion, it was the duty of the driver to look where he was going. The court below correctly said in discharging the rules in this case: "It is negligent and evidence of a lack of control for the driver of a vehicle to run into a person ahead when it is daylight and the person is in view for such length of time for an ordinarily prudent man to have seen him and be able to stop or avoid him." This court said in *King v. Brillhart*, 271 Pa. 301, 114 A. 515: "To drive into a pedestrian who is in full view and does not suddenly change his course is evidence of negligence." In the instant case the plaintiff had so nearly the status of a pedestrian as to make the principle just cited applicable.

At the argument appellant stressed plaintiff's alleged contributory negligence. Under the facts of this case it cannot be declared as a matter of law that the plaintiff did not disclose a case free of contributory negligence. Plaintiff had a right to assume that while he was on the step of his milk wagon, attending to his accustomed business, he would not be struck by any vehicle that was under proper control. He had not placed himself in a position of manifest danger. He had not yet gotten off his wagon. He testified: "I intended to get off the wagon." It is so clear that under the evidence in this case the respective allegations of defendant's negligence and of plaintiff's contributory negligence required submission to a jury for factual determination, that it is unnecessary to review the testimony further or cite controlling decisions. The verdict of the jury is entirely consistent with the record. Even if there was room for

difference of opinion as to the justness of the verdict, that would not warrant the granting of a new trial. We said in *McCracken v. Curwensville Boro.*, 309 Pa. 98, 114, 115, 163 A. 217: " 'It is an established principle that if there is any credible evidence from which a reasonable conclusion can be drawn in support of the claim of either party in the trial of a case, the question must be left to the jury. . . . A verdict should not be directed if on all the facts and circumstances there is room for fair and sensible men to differ in their conclusions, or, as it is sometimes stated, [if] the evidence is not such that honest minds could reach but one conclusion': 26 R. C. L., pages 1067, 1069, section 75. See also *Heh v. Consolidated Gas Co.*, 201 Pa. 443, 50 A. 994."

The judgment is affirmed.