## Heinz, Appellant, v. Pittsburgh.

604

Argued October 16, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Clair D. Moss,* with him *J. Boyd Duff, Jr.,* for appellant.

*Bennett Rodgers,* Assistant City Solicitor, with him *Wm. Alvah Stewart,* City Solicitor, for appellee.

OPINION BY HIRT, J., December 13, 1939:

Plaintiff was injured in stepping into a hole in the crosswalk of Dawson Street at its intersection with Semple Street in the city of Pittsburgh. The jury awarded damages but the verdict was set aside by the court and judgment entered for the defendant n. o. v. on its conclusion that the evidence charges plaintiff with contributory negligence barring recovery.

We are of the opinion that the question of plaintiff's negligence was for the jury and the judgment will be reversed.

At the intersection of Dawson and Semple Streets the south sidewalk of Semple Street extended, intersects Dawson Street at right angles. Plaintiff, a woman 52 years of age, employed as a cook in downtown Pittsburgh, on her way home from her work on January 27, 1936, left a south bound street car on Ward Street and after making some purchases in the neighborhood walked east along the south side of Semple Street to Dawson Street and committed herself to the crossing. Within

the limits of this crosswalk of Dawson Street a cobble-stone had been removed from the pavement near the street car track leaving a hole about 12 inches long, 9 inches wide and 7 inches deep. Plaintiff's right foot was caught in stepping into this hole; she fell to the ground and in falling, with her foot wedged in the hole, both bones of the leg were broken.

The evidence is clear that this defect in the cartway was in the path of one properly crossing Dawson Street on the south crosswalk at this intersection and that it created a condition dangerous to pedestrians, that this condition was obvious and had existed continuously for more than three months and up to the time of plaintiff's injury. Defendant's negligence is conceded as it must be, for a municipality is liable in damages for injuries sustained in consequence of its failure to use ordinary care in the maintenance of its streets, and the failure to keep them in a reasonably safe condition for public use. The existence of the hole in the pavement for more than three months charged the defendant with constructive notice of the condition of the crosswalk. *Lawrence v. Scranton City,* 284 Pa. 215, 130 A. 428.

The verdict of the jury resolved all conflicts in the testimony in favor of plaintiff and on the question here involved she must be given the benefit of every fact and inference of fact which reasonably may be deduced from the evidence. *O'Brien v. Jeannette Borough,* 128 Pa. Superior Ct. 443, 194 A. 314. Viewed in that light we are unable to agree with the lower court that the evidence charges plaintiff with actual knowledge of the defect.

Plaintiff had lived continuously on Parkview Avenue one block east of Dawson Street, since 1930 and was familiar with the neighborhood, particularly east of Dawson Street. She testified that the occasions were few when she crossed Dawson Street to the west. The hole in the crosswalk was at the east rail of the street

car track near the center of the street, and she said that she had not walked over this crosswalk until the day of her injury within the period that the defect existed according to the testimony of other witnesses. (See *Upperman v. Ford City Boro.*, 289 Pa. 197, 137 A. 185). Her testimony in this respect is credible. She spent her days in employment in downtown Pittsburgh, returning late in the afternoon. She usually did her shopping in the neighborhood of her employment and it was her custom to return on a street car which ran north on Dawson Street and discharged her south of Semple Street, so that in going home she passed over only the east portion of Dawson Street. She boarded the street car at the same place every morning. Just where the street car stopped to take on or discharge passengers at this intersection does not appear. Testimony on this subject would have been helpful. Plaintiff said that the car stop was at a point about 20 feet from the hole in the crosswalk and that in going to and from the street car she never observed the defect. The east sidewalk of Dawson Street was about 9 or 10 feet from the hole. This testimony is not sufficient to charge her with actual or constructive notice of the defect. Her duty in crossing a part of the street in going to or coming from the street car was performed by observing the roadway in front of her. No duty was imposed to observe conditions 20 feet away and not in her path nor to see a hole in the street 9 or 10 feet away while walking along the sidewalk on the east side of Dawson Street. If there are inconsistencies in plaintiff's testimony as to how far her usual path of travel was from the defect in the crosswalk, these inconsistencies were for the jury to reconcile and they do not necessarily impugn her case as a whole. *Cuteri v. West Penn Rys. Co.*, 305 Pa. 347, 157 A. 686.

Plaintiff is relieved from the charge of contributory negligence as a matter of law, in failing to see the hole in the crosswalk in time to avoid the injury by facts

which take the case out of the rule of *Tauber v. Wilkinsburg*, 309 Pa. 331, 163 A. 675 and kindred cases where the accidents occurred in broad daylight and bring it within the principle stated in *Lerner v. City of Philadelphia*, 221 Pa. 294, 70 A. 755, in this language: "Irregularities in grade, unevenness in surface, sharp depressions at crossings, accidental displacement of brick or stone, and many other things which may or may not be defects, but yet sufficient in themselves to cause accident to the unwary, are so common and usual that it is the duty of the pedestrian to be observant of such fact, and not to walk blindly. If through no fault of his he is prevented from seeing the defect, obstruction or whatever it may be, which it was the duty of the municipality to have corrected, and injury results to him, he is entitled to claim compensation."

The jury were justified in finding that plaintiff failed to observe the defect under circumstances which excused her. The injury occurred on January 27, 1936 between 5:30 and 5:45 in the afternoon. The sun set at 5:31. It was dusk with low visibility. The street lights were turned on that evening at 5:50. Plaintiff testified that one could see ahead only 6 or 7 feet. A newsboy 60 feet away, who fixed the time of the accident at 5:45 and who came to her assistance, testified that he could not see her plainly because "it was dark, kind of dark, just between dusk, and snow was flying around but I could see an outline of a woman." There was some wind and though it was not snowing, the snow from the ground was blown about in whirls. There was seven inches of snow on the ground that day and the main highways were coated with rough ice, though worn bare by traffic in spots near the scene of the accident. The temperature was about 6 degrees above zero. Plaintiff testified that though she was watching her pathway she didn't see the hole because there was "dirt or snow around there" and there was a half newspaper in the hole and that as she observed it, the surface of the walk

appeared level. *Stolpe v. Duquesne City,* 337 Pa. 215
9 A. 2d 427. It must also be borne in mind that
plaintiff's attention necessarily was divided between
observing the path in front of her and looking for ve-
hicular traffic on the street. In the light of all attending
circumstances there is testimony to support the finding
of the jury that plaintiff did perform her duty to look
where she was going and that she was injured without
fault.

Much stress in the argument and by the court below
has been placed upon the following excerpt from the
cross-examination of plaintiff. Q. And so you were
looking and could see the rail right beside this hole?
A. Yes. Q. And yet you didn't see the hole right
beside the rail, is that right? A. Yes. Q. Why not?
A. I just didn't look at it, that is all, because the wind
was blowing and I looked back and forth. Torn from its
context and standing alone this may be unfavorable
testimony but if read with plaintiff's testimony as a
whole it does not necessarily bar her recovery. *Cuteri
v. West Penn Rys. Co.,* supra. "A court will not declare
a person guilty of contributory negligence unless the
evidence of his negligence is clear and unmistakable.
In *McCracken v. Curwensville Boro.,* 309 Pa. 98, 114,
163 A. 217, we quoted the following with approval from
26 R. C. L., pages 1067-69, sec. 75: 'It is an established
principle that if there is any credible evidence from
which a reasonable conclusion can be drawn in support
of the claim of either party in the trial of a case, the
question must be left to the jury. ...... A verdict
should not be directed if on all the facts and circum-
stances there is room for fair and sensible men to differ
in their conclusions, or, as it is sometimes stated, [if]
the evidence is not such that honest minds could reach
but one conclusion.' " *Murphy v. Bernhein & Sons, Inc.,*
327 Pa. 285, 194 A. 194.

Judgment reversed and directed to be entered on the
verdict.