## Contillo et vir *v.* Pittsburgh, Appellant.

Argued Oct. 25, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITH'RICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*H. Stewart Dunn, Assistant City Solicitor,* with him *Anne X. Alpern, City Solicitor,* for appellant.

*Edward O. Spotts, Jr.,* with him *James P. McArdle,* for appellees.

OPINION BY ROSS, J., January 18, 1946:

This is a pedestrian crossing case against a municipality in which husband and wife brought an action in trespass to recover for damages arising out of injuries sustained by the wife plaintiff. The jury returned a verdict in the amount of $2,000 for the wife and $500 for the husband. Defendant filed a motion for judgment n. o. v.

on the ground that the wife plaintiff was contributorily negligent and a motion for a new trial on the ground that the verdict was excessive. Both motions were refused and this appeal followed.

The wife plaintiff, Christine Contillo, on the evening of March 31, 1943, at about 8:30 p.m., was on her way to a theatre in East Liberty, Pittsburgh, Pennsylvania. She waited at the corner of Frankstown Avenue near Penn Avenue for the lights to change and a street car to pass before attempting to cross at the customary place from the north sidewalk to the south sidewalk. As she stepped from the curb, her foot went into a hole five inches deep and two feet long and a foot wide, about twelve inches from the curbing. She testified that she did not see the hole because it was covered with water, and the testimony shows a generally wet condition all over the whole area where the accident occurred. When the wife plaintiff fell, she fractured her ankle and sustained other injuries.

The verdict of the jury resolved all conflicts in the testimony in favor of the plaintiffs and consequently they must be given the benefit of every fact and inference of fact which may be reasonably deduced from the evidence and the testimony must be read in the light most favorable to them. *Christ v. Hill Metal Sheet Roofing Co.*, 314 Pa. 375, 171 A. 607; *O'Brien v. Jeannette Borough*, 128 Pa. Superior Ct. 443, 194 A. 314; *Heinz v. Pittsburgh*, 137 Pa. Superior Ct. 603, 10 A.2d 100. A person will not be held guilty of negligence as a matter of law unless the evidence is clear and unmistakable. *Murphy v. Bernheim and Sons, Inc.*, 327 Pa. 285, 194 A. 194; *Schildnecht v. Follmer Trucking Co.*, 330 Pa. 550, 199 A. 220.

In support of its motion for judgment n. o. v., the defendant endeavors to bring the facts of the case at bar within the rule of those cases which hold that a person who is faced with a choice of two routes, one known to be safe and the other to be subject to risks and dangers,

must choose the former, or otherwise assume the risk of being contributorily negligent as a matter of law. *Levitt v. B. G. Sandwich Shops Inc.*, 294 Pa. 291, 144 A. 71; *Kaczynski v. Pittsburgh*, 309 Pa. 211, 163 A. 513; *Boyd v. Kensington Water Co.*, 316 Pa. 522, 175 A. 395. This principle is well established, but it is not applicable to the case at bar. The rule that a person who chooses a route subject to risks and dangers where there is an alternative route known to be safe, is contributorily negligent as a matter of law is inapplicable where the one choosing the dangerous route neither knows nor should know of its dangers. *Stolpe et al. v. Duquesne City*, 337 Pa. 215, 9 A.2d 427.

There is no evidence that the wife plaintiff was aware or should have known of the dangerous condition of the precise place in the street where she stepped, since it would appear that leaving the curb, and going onto the street, she was confronted with only wet surfaces to step on, surfaces throwing up a reflection under the glare of electric lighting, so that one place in the street quite resembled another. It is in evidence that "where she (the wife plaintiff) stepped off it looked just like it was level. It didn't look like there was a hole. The fact, it was wet all over." As stated by the learned court below, "Here the plaintiff recognized no pool but only the wet surface of the pavement, a condition which was general over the area into which she was required to step if she was to cross at the crossing." Whether she should have observed the pool by the curb and distinguished it from other damp places along the street was for the jury to determine. It has frequently been held that where an otherwise apparent defect or depression is covered, a pedestrian should not be charged with contributory negligence for failing to observe it; in such cases it is a question for the jury under proper instruction from the court. *Kellow v. Scranton*, 195 Pa. 134, 45 A. 676; *Kauffman v. Harrisburg*, 204 Pa. 26, 53 A. 521; *Llewellyn v. Wilkes-Barre*, 254 Pa. 196, 98 A. 886; *Campbell v. Vincent*, 259 Pa. 419, 103 A. 110.

In *Clifford v. City of Philadelphia et al.*, 104 Pa. Superior Ct. 338, 159 A. 232, an action of trespass by a pedestrian against a municipality to recover damages for injuries sustained in a fall on a sidewalk, the plaintiff testified that the entire sidewalk was covered with water and that he stepped into a hole in the sidewalk without seeing it and was injured. The accident happened in broad daylight and there was nothing to obstruct the plaintiff's view of the hole except water. This Court held that "in such case where the entire pavement was covered with water, rendering the danger invisible, the plaintiff was not guilty of contributory negligence as a matter of law in using it, and a judgment entered for him will be sustained." In this case, through no fault of her own, the wife plaintiff was prevented from seeing the defect, which it was the duty of the municipality to have corrected, and, therefore, the defendant's motion for judgment n. o. v. was properly refused. *Heinz v. Pittsburgh*, supra, 137 Pa. Superior Ct. 603, 10 A.2d 100; *Burchfield et al. v. Borough of Conneaut Lake*, 114 Pa. Superior Ct. 114, 174 A. 668.

The cases relied upon by the appellant are clearly distinguishable from the present case. In *Brown v. Philadelphia*, 267 Pa. 183, 110 A. 164, the plaintiff could have walked in safety on dry parts of the pavement, but she chose rather to step on that portion covered with water under which there was a hole. There was no evidence in the case that there were other pools of water or that there was not sufficient room on the sidewalk for her to have avoided the particular pool in question.

In *Lerner v. Philadelphia*, 221 Pa. 294, 70 A. 755, the plaintiff in broad daylight stepped into a plainly visible depression in a sidewalk but could give no explanation why she did so. In *Robb v. Connellsville Borough*, 137 Pa. 42, 20 A. 564, the danger was obvious and could be seen. In *Kunkle v. Lancaster County*, 219 Pa. 52, 67 A. 918, the plaintiff's driver drove into a stream in an attempt to find and cross a bridge hidden by water. In the

case at bar, no obvious dangers or choices of route presented themselves to the plaintiff, but was one where on all the facts and circumstances there was room for fair and sensible men to differ in their conclusions as to whether the wife plaintiff was negligent. The case was, therefore, for the jury and its submission was accompanied by proper instructions.

A verdict will not be set aside on the ground that the damages are excessive where there is ample evidence to sustain it. *Morris v. Zinn,* 286 Pa. 281, 133 A. 507; *Miller v. Coca Cola Bottling Works,* 297 Pa. 41, 146 A. 134.

The verdict for the husband in this case, $500, was for medical expenses and loss of his wife's services, the medical expenses amounting to $255. As a result of her injuries, a cast was kept upon the wife's left leg for seven weeks, during most of which time she was confined to bed. She was compelled to use crutches for three months, and according to the testimony, has a thirty to forty per cent. permanent limitation of the left ankle functionally.

It is the duty of the trial court, in the first instance, to control the amount of the verdict rendered by the jury. It saw and heard the witnesses, is in possession of all the facts as well as the atmosphere of the case, and by reason thereof is in a better position to do even-handed justice between the parties than an appellate court can be. An appellate court will reverse the trial court for approving the amount of a verdict only where this course is imperative, and where the verdict is so grossly excessive that sustaining it evidences such a clear abuse of discretion on the part of the trial court as shocks the appellate court's sense of justice. *King v. Equitable Gas Co.,* 307 Pa. 287, 161 A. 65; *Heaver v. Philadelphia Rapid Transit Co.,* 120 Pa. Superior Ct. 520, 183 A. 110. In this case, in view of the proofs presented, the lower court did not abuse its discretion in refusing defendant's motion for a new trial on the ground that the verdicts were excessive.

Judgment is affirmed.