Yost *v.* Philadelphia (et al., Appellant).

Argued October 8, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Charles Lowenthal,* for appellant.

*William M. Keenan,* with him *Pepper, Bodine, Stokes & Hamilton,* for appellees.

OPINION BY WRIGHT, J., January 19, 1954:

Roumania O. Riegel has appealed from the refusal of the lower court to grant a new trial after verdicts in favor of Laura M. Yost and Clarence M. Yost, husband and wife, in a trespass action against the City of Philadelphia, in which action appellant was joined as an additional defendant. Appellees moved to quash the appeal on the ground that the only judgment entered in their favor was against the City, as original defendant, whereas the appeal was taken by the additional defendant. Our decision on the merits makes it unnecessary to rule on this motion.

On November 10, 1950, at 7:30 p.m., Laura M. Yost fell in a hole in the concrete sidewalk on the west side of Sydenham Street. This hole was in front of the property of Roumania O. Riegel, and was the result of the removal of a tree some eleven years prior to the accident. The hole was approximately two feet square and from one and one-half to three inches in depth. Mrs. Yost testified that she had lived diagonally across the street from the scene of the accident for over 18 years. On the evening of the accident she left her residence in company with a daughter. She crossed Sydenham Street from the east to the west side where the family car was parked facing south. She walked around the front of the car, then around a utility pole, and stepped into the hole. As a consequence of the fall, Mrs. Yost suffered a transcervical fracture of the left hip and a Smith's fracture of the left wrist. It was dark at the time of the accident. The nearest street light was at the intersection of Sydenham Street and Erie Avenue, one hundred feet north. This light was obscured by intervening trees and parked automobiles. Mrs. Yost testified that she had never seen the tree, nor the hole that remained after its removal. Her explanation was that she never used the west side of

the street. The lower court submitted to the jury the questions of appellant's negligence and Mrs. Yost's contributory negligence. The jury returned verdicts in favor of the Yosts as against the City, and verdicts in identical amounts for the City against appellant as additional defendant.

Appellant contends (1) "that plaintiffs' own photographic exhibit and testimony was positive evidence that plaintiffs knew or should have known of the alleged dangerous condition"; and (2) that there was insufficient evidence upon which to base the jury's finding that the medical and other expenses were reasonable and proper. Her first position is that "the court cannot accept as true that which the indisputable evidence demonstrates is false". However, appellant is relying, not upon an incontrovertible physical fact, but merely upon her theory that "it is inconceivable that both plaintiffs and their two daughters never saw the original tree or the hole that remained after the tree was removed". The actual fact necessarily implied from the verdicts is that plaintiffs were not aware of the hole. Where there is credible evidence from which a reasonable conclusion can be drawn in support of the claim of either party, the question must be left to the jury: *Hayes v. Axelrod,* 332 Pa. 518, 3 A. 2d 346. The testimony of plaintiffs and their witnesses was clear and unequivocal. Knowledge of the hole did not necessarily follow from their residence in the vicinity: *Upperman v. Ford City Boro.,* 289 Pa. 197, 137 A. 185; *Heinz v. City of Pittsburgh,* 137 Pa. Superior Ct. 603, 10 A. 2d 100.

Appellant argues that, since a photograph taken from plaintiffs' side of the street showed the existence of the hole, plaintiffs must have seen it, citing *Brett v. Philadelphia Transportation Co.,* 154 Pa. Superior Ct. 429, 36 A. 2d 230, and *Lessig v. Reading Transit*

& *Light Co.,* 270 Pa. 299, 113 A. 381. These cases are not controlling. Each involved a collision between an automobile and a street car, and the resulting damage clearly contradicted plaintiff's version of the accident. In *Hazlett v. Director Gen. of R. R.,* 274 Pa. 433, 118 A. 367, also cited, the uncontradicted evidence offered by plaintiff showed that deceased did not stop before crossing a railroad track. The incontrovertible physical facts rule does not apply where the testimony of witnesses is needed to apply the facts to the issue in the case: *Pastore v. Suglia,* 174 Pa. Superior Ct. 339, 101 A. 2d .

In *Greene v. Philadelphia,* 279 Pa. 389, 124 A. 134, the trial court entered a non-suit on the ground that plaintiff, who had stepped in a hole in the sidewalk, was contributorily negligent. In awarding a new trial, Mr. Justice FRAZER said: "We cannot agree that, under the circumstances, appellant was negligent merely because she failed to see the hole in the sidewalk.... It may well be that in the darkness shown to exist at the time a person using reasonable care would fail to observe the depression . . . Had the accident happened in broad daylight a different situation would be presented. But, happening at night, it cannot be said, as matter of law, that plaintiff was bound to see the danger ahead of her. She had a right to assume the pavement was in a reasonably safe condition . . ."

In *Burchfield et al. v. Borough of Conneaut Lake,* 114 Pa. Superior Ct. 114, 174 A. 668, plaintiff was injured by falling in a hole in the sidewalk from which a tree had been removed. The injury occurred in the daytime, but the hole was obscured by leaves. The evidence showed that plaintiff had passed the hole on other occasions and was hurrying at the time of the accident. We held that the questions of defendant's negligence and plaintiff's contributory negligence were for the

jury. In the case at bar, the jury was justified in finding that the circumstances excused Mrs. Yost's failure to observe the defect. The testimony does not present clear and unmistakable evidence that she was guilty of contributory negligence: *Murphy v. Bernheim & Sons, Inc.*, 327 Pa. 285, 194 A. 194.

Appellant's second contention is that the lower court erred in instructing the jury "as to the method and measure of determining the medical and other expenses". Her position is that the actual bills were not offered in evidence, and there was no testimony that the charges were fair and reasonable. Appellant does not contend that the services were unnecessary. She does not contend (nor could she well do so under the evidence) that the charges were actually unreasonable. Her contention apparently is that bills are always necessary, and that there must be affirmative testimony in express language that the charges are reasonable. We do not agree.

The record discloses that Mrs. Yost was aged 62 years. She spent 17 days in the Hahnemann Hospital. She was bedfast at home for approximately three months. She had to use a wheel chair for the next three months, then crutches for several weeks, and finally a cane. There were several small items of expense which we deem it unnecessary to mention. The four large items were the surgeon's charge of $200.00, payments to the hospital in total amount of $364.50, services of a housekeeper at $26.00 per week for eight months in total amount of $858.00, and the sum of $440.00 for a maid at $6.50 per day for one day a week thereafter. In each instance the nature and extent of the service, as well as the amount paid, was fully explained to the jury. The trial judge adequately summarized the testimony in his charge, cautioning the jurors to use their own recollections. While there was

an inaccuracy with regard to one small item, appellant's counsel did not call attention to it. See *McCosh v. Myers*, 25 Pa. Superior Ct. 61; *Vogeley v. Hay*, 86 Pa. Superior Ct. 266.

Appellant places principal reliance on *Brown v. White*, 202 Pa. 297, 51 A. 962; and *Fougeray v. Pflieger*, 314 Pa. 65, 170 A. 257. In the *Brown* case, while there was evidence of the character and extent of services rendered by physicians, there was no evidence whatever of the amounts charged. In the *Fougeray* case, while the amount of a physician's charge was in evidence, there was no testimony as to the character or extent of his service. In the case at bar, there was evidence both as to the amount of the charges and as to the character and extent of the services. The trial judge was fully justified in submitting the question of reasonableness to the jury. See *Fisher v. Pomeroy's, Inc.*, 322 Pa. 389, 185 A. 296.

Judgment affirmed.