Young *v.* Gill, Appellant.

468

Argued October 8, 1931.

Before TREX-LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Algernon R. Clapp* of *White, Parry, Schnader & Maris,* for appellant, cited: Lessig v. Reading Transit & Light Company, 270 Pa. 299; Hill v. Phila. Rapid Transit Company, 271 Pa. 232; Radziemenski v. Baltimore & Ohio R. R. Co., 283 Pa. 182.

*Maurice S. Levy,* and with him *David S. Malis,* for appellee.

OPINION BY GAWTHROP, J., December 14, 1931:

Wesley Horsey was driving a one and one-half ton Chevrolet truck west on Apsley Street in the City of Philadelphia about six o'clock on the evening of March 15, 1930. Plaintiff, his helper in a joint enterprise for their employer, was sitting beside him. A collision occurred with defendant's automobile which was coming north on Greene Street, an intersecting

street, which is thirty feet wide between curb lines. As the result of the collision plaintiff sustained personal injuries for which he recovered a verdict and judgment in the court below. Defendant has appealed and assigns for error certain portions of the court's charge and the action of the court in refusing his point for binding instructions and overruling his motion for judgment non obstante veredicto.

The contention that defendant was entitled to a directed verdict and judgment on his motion is not grounded upon the proposition that the testimony of plaintiff and his witnesses did not make a case for the jury. It is urged that the photographs of defendant's car showing its condition immediately after the collision, which were admitted in evidence in his behalf, without objection, indisputably demonstrate that this car did not run into the truck, and that the oral testimony of plaintiff and his witness, that defendant's car ran into the side of the truck, is false. As the statement of the questions involved suggest this as the only reason why binding instructions for defendant should have been given, we limit our discussion to it. Horsey testified that when he was about twenty-five or thirty feet from the corner he slowed down to eight miles an hour; that he first saw defendant's car coming north "at a good rate of speed" on Greene Street at a distance of two hundred and fifty feet; that when he got to the curb line the car was about one hundred and seventy-five or two hundred feet away; that he proceeded to cross Greene Street, and that when he had crossed about two-thirds of the street the car ran into the side of the truck and drove it to the northwest corner and caused it to upset. Plaintiff testified that they "were at Greene Street, going across, just about getting across when I looked out of the side," and first saw the car about one hundred feet away, and that he could not tell its speed.

There was no evidence of the nature of the damage done to the truck. Defendant testified that when he arrived at the intersection he saw the truck "coming at a pretty good rate of speed" thirty or forty feet to his right on Apsley Street; that he did not stop because he thought the driver of the truck would stop for him; "I thought I could get right by ...... I could not get out of the way and he hit me broadside on the right side, right in the well of the car, and pushed me over to the other side of the street." A witness for defendant testified that the truck ran into the side of defendant's car. On this showing alone the questions whether defendant was negligent and whether the driver of the truck was guilty of contributory negligence, would be for the jury: Girard Coal Co. v. Finnessey, 97 Pa. Superior Ct. 341.

But when we consider the testimony with the photographs of defendant's car, the accuracy of which is not attacked, we are forced to the conclusion that the testimony of plaintiff and Horsey, that the defendant's car ran into the truck, cannot be true. Horsey testified that the car struck the truck "just middle way, right back of the seat where I was sitting, just to the side of me." If the accident happened in this way, the front of defendant's car would have been severely damaged and the photographs would show it. But they show that defendant's car received a severe blow on its right side just back of the hood. The rear portion of the right front fender and the front end of the running board were crushed and torn, the bumper and the front ends of the front fenders were intact and **in place, not even bent,** and show no signs of a blow in front. The front of defendant's car could not have struck the truck without crushing the bumper and the front of at least one of the fenders. Manifestly, the accident did not happen as plaintiff and his witness stated, but the truck must have run into the side

of defendant's car and as a result plaintiff was injured. As stated by Mr. Justice (later Chief Justice) Brown in Bornscheuer v. Traction Co., 198 Pa. 332, 334, the testimony of these witnesses "is either intentionally false or mistakenly so; and, in either case, the court should instruct the jury to disregard it." Plaintiff must stand or fall on the case as he made it, unless defendant came to his rescue by establishing his own negligence. Here defendant did not do this but, according to the testimony of him and his witness, the collision was brought about by the contributory negligence of the driver of the truck. Of course, the mere fact that the truck ran into the side of defendant's car would not, standing alone, convict the driver of the truck of contributory negligence as matter of law. We have not overlooked the suggestion that the truck may have arrived at the intersection when the defendant was a considerable distance away so that a prudent man would have a right to conclude that the driver of the truck could safely make the crossing, and that the defendant may have speeded up so fast that he was passing in front of the truck when the collision occurred. The answer to this is that there is no evidence that the accident so happened, but all the evidence is to the contrary. "A theory cannot be accepted as to how a collision might have happened in the face of convincing evidence as to how it actually did happen": Lessig v. Reading Transit & L. Co., 270 Pa. 299. "There can be no presumption as against facts which are indisputably proven": Snyder v. Penn Liberty Ref. Co., 302 Pa. 320. The conclusion must be that the driver of the truck failed to have his car under proper control and that this failure was at least a contributing cause of the accident and prevents a recovery of damages by plaintiff, who not only was in a joint enterprise with the driver but voluntarily

joined in his negligent act. (Hill v. Phila. Rapid Transit Co., 271 Pa. 232.)

"It is vain for a man to say his auto was struck in the back where the only injury thereto is at the side near the front wheel ...... A court cannot accept as true that which the indisputable evidence demonstrates is false": Lessig v. Reading Transit & L. Co., supra; Hill v. Phila. Rapid Transit Co., supra. "Where the indisputable physical conditions, as indicated by actual measurements, maps or photographs, negative the existence of facts ordinarily presumed," oral evidence to the contrary must be disregarded: Carlo v. Bessemer & Lake Erie R. R. Co., 293 Pa. 343, and cases there cited. To allow a jury to accept as true testimony which is shown to be untrue by incontrovertible physical facts would be a travesty upon justice and amount to "a license to them to render a false instead of a true finding." (Hill v. Phila. Rapid Transit Co., supra.)

This conclusion renders it unnecessary to discuss the complaint made of the charge of the court. We observe, however, that we find no merit in this complaint.

The judgment is reversed and here entered for defendant.