## Miller *v.* Harris, Appellant.

Argued January 10, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

56

*Robert D. Dalzell,* of *Dalzell, McFall & Pringle,* for appellant.

*James P. McArdle,* for appellee.

OPINION BY MR. JUSTICE DREW, March 20, 1944:

Defendant thinks the learned court below erred in denying his motions for judgment n. o. v. and for a new trial. In this he is mistaken. The case could not have been kept from the jury; there is ample evidence to support the verdict and no trial errors appear.

There were but two witnesses to the facts of the accident—plaintiff and defendant. As might be expected their testimony was wholly contradictory. Plaintiff testified he was walking along Third Avenue in Pittsburgh, going from Smithfield Street to Wood Street, on his right side of the avenue, and that when near the center of the block, because of an obstruction on the sidewalk, he started to cross the cartway to the other side of the street. He said he stepped down from the sidewalk and passed between parked cars at the curb nearest to him; that when free of them and before venturing beyond them into the street, he looked toward Smithfield Street, the only direction from which a car could come (this being a one-way street), and that he then saw defendant driving his car toward him. Plaintiff said he stood still and waited for defendant to pass, but instead defendant brought his car to a full stop about ten feet from him. He said he took this to mean that defendant extended the "courtesy" of the street to him, and that he then started over the remaining part of the avenue. Plaintiff said he was forced by parked automobiles at the far curb to cut diagonally to his right

to find a way between them and that while so walking, with his eyes turned away from defendant, the latter started his car and ran into him.

Defendant's story of the happening was essentially different. He testified that he was driving slowly down the street, with his car in perfect control, when suddenly and without notice plaintiff stepped from between the parked cars, and in front of his car when it was but four feet from him. He said the collision was immediate and inevitable.

It cannot be determined as a matter of law which one of these interested witnesses did not tell the truth. It is evident that one of them concocted a story which was false in all essentials. As between them, on questions of veracity and credibility, only a jury could decide. In such a situation it would do no good to grant a new trial, because if another jury returned an opposite verdict—one for defendant—we would be no nearer the solution of certainty than we are now, and such action might be unfair to plaintiff. On these facts only a jury can decide the question of negligence.

The verdict of $9,000.00 is properly objected to as excessive. The plaintiff was sixty-one years of age and in good health at the time of the accident, June 23, 1939. He suffered some bruises and abrasions and a fracture of five ribs. He had considerable pain for six weeks while the fractured ribs were healing and knitting. He has since developed tremors in his hands, and his family physician testified that his diagnosis was that as a result of the trauma, plaintiff had developed paralysis agitans, "an affliction marked by tremor or alternate contraction and relaxation of the muscles of the part involved" and that the condition was permanent and progressive. The doctor admitted that while he had been practicing medicine for forty years and had seen eight or ten cases of paralysis agitans, that this was the first one he had seen that came from trauma. The doctor's bill was $100.00. There was no testimony to show loss of income or earn-

ing power. Plaintiff for more than forty-three years has been a salesman of machinery and has been able to take good care of himself and his family. We think $6,000.00 will fairly and fully compensate him for all loss and damages he sustained in this accident, and accordingly reduce the verdict and judgment of the learned court below to that amount.

All the assignments of error are overruled.

Judgment reduced to $6,000.00, and as modified, affirmed.