## Pastore, Appellant, *v.* Suglia.

Argued September 30, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Paul N. Schaeffer,* for appellants.

*George R. Eves,* for appellees Suglia.

*Samuel R. Liever,* for appellees Tester.

OPINION BY WRIGHT, J., December 29, 1953:

About 3 o'clock a.m., on March 4, 1951, Paul Suglia was operating his Mercury sedan automobile south on Route No. 122 near the city of Reading. Passengers in the rear seat of Suglia's car were his wife, Margaret, and a friend, Virginia E. Tester, wife of Donald D. Tester. At a point 600 feet south of the Reading Railway's underpass, the Suglia car collided with a Buick taxi-cab operated by Paul Gumeniski and owned by Walter Pastore and Joseph N. Pastore trading as Pastore's Taxi Service, hereinafter referred to as Pastore. Suits were instituted (1) by Gumeniski against Suglia; (2) by the Testers against Pastore, Gumeniski, and Suglia; (3) by the Suglias against Pastore and Gumeniski; and (4) by Pastore against Suglia. The four cases were tried together with the following result: (1) a verdict for the defendant; (2) a verdict for plaintiffs against Pastore and Gumeniski; (3) a verdict for plaintiffs against both defendants; (4) a verdict for the defendant. Pastore obtained rules for a new trial in the last three cases, and has appealed from the refusal of the court below to make these rules absolute.

The highway in question runs north and south and consists of three concrete lanes in each direction separated by a concrete divider 3 feet wide (stipulated

Record 126a) and 3 inches high. The two lanes next the divider are 9 feet wide and the outside lane is 7 feet wide (stipulated Record 161a), making a total width each way of 25 feet. Immediately at the scene of the accident there is a gasoline station on the west side of the highway and a break in the divider strip which allows northbound traffic to turn into the south lane, and vice versa. The gasoline station was not open at that early hour. The weather was foggy and raining and the visibility was poor. Suglia's theory was that he was traveling south about the middle of the two 9 foot lanes and at 30 to 35 miles per hour with his lights on low beam; that the cab, moving slowly and without any lights, suddenly came across the highway from east to west directly in front of him; that he turned his car to the left or east, hit the center divider, and bounced west over against the cab. The theory of Pastore was that Gumeniski had parked the cab along the curb in the outside lane at the extreme west side of the highway; that he was seated in the cab writing up his calls; that every light, including the dome light, was on; and that, after the cab had been parked for three or four minutes, Suglia crashed into it from the rear.

There was no substantial dispute as to the property damage resulting from the collision. The right front portion of the Mercury sedan was damaged, while the left rear portion of the taxi-cab was damaged. In addition, the right front portion of the taxi was damaged somewhat when it was forced by the collision into a fire plug situated at the curb on the west side of the highway. When the vehicles came to rest, the front end of the cab was against the fire plug with the cab at a 45 degree northeast angle out into the highway. The front end of the Mercury was against the left rear of the cab with the car extending on out at

about the same angle, so that the two vehicles effectively blocked the southbound lane.

It is the contention of the distinguished counsel for appellants (1) that the verdicts against Pastore are not supported by sufficient evidence, and (2) that the verdicts were contrary to the proven physical facts. It is of course apparent that the verdicts constitute a finding by the jury that Suglia's theory of the collision represented the true factual situation. This theory must therefore be given the benefit of every supporting inference reasonably to be deduced from the evidence: *Rubin Brothers Waste Co. v. Standard Equipment Co.*, 368 Pa. 61, 81 A. 2d 876. We deem it unnecessary to set forth the testimony in detail. After a thorough examination thereof, we agree with the able trial judge that it was amply sufficient to support the verdicts. Where conflicting stories are told by the witnesses as to the manner in which an automobile collision occurred, the question of fact is one for the jury: *Reiser v. Smith*, 332 Pa. 389, 2 A. 2d 753. If the testimony of the parties is contradictory in all essentials, only a jury can decide the questions of veracity and credibility: *Miller v. Harris*, 349 Pa. 55, 36 A. 2d 309.

In support of his contention that the incontrovertible physical facts establish that Suglia's theory can not be correct, appellant cites *Lessig v. Reading Transit & Light Co.*, 270 Pa. 299, 113 A. 381; *Young v. Gill*, 103 Pa. Superior Ct. 467, 157 A. 348; and *Brett v. Philadelphia Transportation Co.*, 154 Pa. Superior Ct. 429, 36 A. 2d 230. He argues "that if the Suglia theory of the happening were correct, (a) there would have been some damage to the right side of the taxi-cab; (b) it would have been impossible for the right front of the Suglia car to strike the left rear of the taxi-cab". On the contrary, the respective damages are entirely consistent with the Suglia theory. In each

of the cases relied upon the testimony supported only one theory as to the manner in which the accident occurred. The incontrovertible physical facts rule does not apply where there are possible variables and where moving objects are concerned: *Mull v. Bothwell*, 338 Pa. 233, 12 A. 2d 561; nor where the testimony of witnesses is needed to apply the facts to the issue in the case: *Richardson v. Wilkes-Barre Transit Corporation*, 172 Pa. Superior Ct. 636, 95 A. 2d 365.

Judgment affirmed.