**William H. HARD et al.**

v.

**Zane Delane STEVENS and Virgil D. Stevens**

v.

**William H. HARD.**

**Civ. A. No. 71–2329.**

United States District Court,
E. D. Pennsylvania.

Jan. 9, 1975.

G. C. Fogwell, Reilly, Fogwell & Goldberg, West Chester, Pa., for plaintiff.

Joseph R. Livesey, Philadelphia, Pa., for defendant.

Austin Hogan, Krusen, Evans & Byrne, Philadelphia, Pa., for third-party defendant.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

In this personal injury action, the jury, in answer to interrogatories, found that plaintiff, William H. Hard, had failed to prove that the defendant, Zane D. Stevens, was negligent and that his negligence was a proximate cause of the accident.[1] William H. Hard has moved for a new trial. After carefully considering the grounds urged by the plaintiff Hard, the Court has determined that it must deny the motion for a new trial.

The personal injuries complained of in this lawsuit occurred as a result of a two car collision which took place on May 15, 1970 on the westbound lane of the Pennsylvania Turnpike, east of the Downingtown Exchange. Plaintiff, William Hard, was driving and plaintiff, Clark Calebaugh, was a passenger in a 1966 Ford station wagon which was traveling west on the Turnpike. De-

fendant, Zane Stevens, was the operator of a 1964 Pontiac which was also traveling west on the Turnpike. A collision occurred between the two vehicles which resulted in both vehicles coming to rest on the shoulder of the road. Plaintiffs Hard and Calebaugh as well as defendant Stevens complained of injuries resulting from the collision.

William Hard is the only plaintiff to move for a new trial. He alleged that the accident occurred due to the sole negligence of defendant Stevens. The Turnpike consists of two lanes westbound at the point of collision. Specifically, plaintiff charged that while traveling at a moderate rate of speed in the right lane of the two westbound lanes he noticed in his rear view mirror that the defendant's vehicle was approaching in the same right lane at an excessive rate of speed. Plaintiff asserts that at the time the defendant Stevens attempted to pass him by turning into the left lane, Stevens was too close to plaintiff's vehicle and as a result Stevens' vehicle struck the plaintiff's vehicle in the rear. Both vehicles went off the roadway and came to a stop on the right shoulder of the roadway.

Defendant Stevens alleged that the accident resulted solely from Hard's negligence. He claims that while he was traveling at 60–65 miles per hour in the left lane of the Turnpike, plaintiff Hard's vehicle suddenly swerved from the right lane into the left lane and Stevens was unable to avoid a collision with the rear of Hard's vehicle. As a result of the impact, Stevens claims he was thrust to the left into the guardrail dividing the east and westbound lanes of the Pennsylvania Turnpike and to the right shoulder where he came to a stop.

█ Plaintiff first contends that the Court erred in admitting the hospital records of Paoli Memorial Hospital pertaining to the plaintiff, William Hard,

---

1. William H. Hard was also a third-party defendant and a defendant on the counterclaim. The jury, in answer to interrogatories, found that William Hard was negligent and that his negligence was the proximate cause of the accident.

because the records were not introduced by a proper custodian as required by the Pennsylvania Uniform Business Records as Evidence Act,[2] or the United States Business Records Act.[3] The defendant introduced the hospital records to impeach the credibility of Hard, who testified that he had not taken Librium on the day of the accident.

The hospital records disclosed that Hard had stated to a physician who was taking his medical history at the time of his admission to the hospital that he was taking Librium four times a day. Plaintiff contends that Mr. Holmes, who brought the hospital records to court, pursuant to a subpoena, was not a proper custodian of the hospital records because he could not testify as to the method in which hospital records were prepared and stored, and, therefore, the record was not shown to be authentic and should not have been admitted into evidence. Mr. Holmes testified that he worked for a group of seventeen hospitals in this area and that it was his job to bring into court hospital records which had been subpoenaed.

The pre-trial order of this Court which was in effect at the time of the trial and which was signed by both counsel stated, *inter alia,*

> Only the exhibits listed below shall be introduced at the trial. Any objection to an exhibit, and the reason for said objection, must be set forth herein or it shall be deemed waived. All parties hereby agree that it will not be necessary to bring in the custodian of any exhibit unless an objection to this procedure is set forth below.

Plaintiff listed the hospital records of Paoli Memorial Hospital as one of his exhibits and thereby admitted the authenticity of the records and waived the necessity of producing the custodian. It is well established that facts admitted and stipulations included in the pre-trial order are binding on the parties at trial and may not later be contradicted. See 3 Moore's Federal Practice, § 16.19 at 1130 (2nd Ed.1974). Certainly the plaintiff, who listed the Paoli Memorial Hospital records as one of his exhibits, and thereby vouched for their authenticity, can not later seek to exclude the rec-

2. A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testified to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission. 28 P.S. § 91b.

3. In any court of the United States and in any court established by Act of Congress, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter.

All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility. 28 U.S.C. § 1732.

Plaintiff, in his brief, has cited and argues only cases applying the Pennsylvania statute which he believes would exclude the hospital record. However, Rule 43(a) of the Federal Rules of Civil Procedure provides that evidence is admissible in a federal court if a statute of the United States so provides, even though there may be a relevant state statute excluding the evidence. Rule 43(a) is one of admissibility and provides that between conflicting Rules of Evidence the one which favors the reception of the evidence sought to be introduced governs. Courtland v. Walston & Co., Inc., 340 F.Supp. 1076 (S.D.N.Y.1972). Therefore, when testing the admissibility of a business record this Court must determine whether the evidence is admissible under either of federal or state statute. Vogan v. Begers, 447 F.2d 543 (3d Cir. 1971); Cromling v. Pittsburgh and Lake Erie R.R. Co., 327 F.2d 142 (3d Cir. 1963).

ords because their trustworthiness has not been established by the custodian of the records. Furthermore, the plaintiff had agreed that a custodian was not necessary to establish the authenticity of the hospital records and is bound by that agreement. Payne v. S. S. Nabob, 302 F.2d 803 (3d Cir. 1962).

Even if the requirements of a business records statute must be met we find no error in the admission of the Paoli Memorial Hospital records. The purpose of the United States Business Records Act is to permit the admission of business records which are made under circumstances which generally provide trustworthiness. United States v. Hickey, 360 F.2d 127 (7th Cir. 1966). The touchstone of the admissibility of business records under the Act is reliability, Uitts v. General Motors Corp., 62 F.R.D. 560 (E.D.Pa.1974), and the trial judge has an area of discretion in determining whether documents qualify as business records. McDaniel v. United States, 343 F.2d 785 (5th Cir. 1965); LeRoy v. Sabena Belgian World Airlines, 344 F.2d 266 (2d Cir. 1965). In this particular situation we find no doubt as to the trustworthiness of the Paoli Memorial Hospital record of William Hard and find that the exclusion of the records on the grounds asserted by the plaintiff would frustrate the purpose of the statute. Plaintiff had in his possession before trial a copy of the Paoli Memorial Hospital records and had ample opportunity to attack their accuracy. In fact, the record discloses that the plaintiff was given the opportunity to introduce evidence which would rebut the "Librium statement" contained in the hospital records. Indeed the plaintiff does not now assert and never has asserted that the record as introduced into evidence was in any respect inaccurate. In light of the fact that the records were listed by the plaintiff as an exhibit on the pre-trial order and since their accuracy has never been questioned, we conclude that the admission of the Paoli Memorial Hospital records for the purpose of impeaching the plaintiff's testimony was not error.

Plaintiff also contends that the verdict rendered by the jury in this case was against the weight of the evidence. It is, of course, the duty of the Court upon a motion for a new trial to be certain that the verdict was not influenced by partiality or prejudice and that there is no miscarriage of justice in the verdict. Cheffey v. Pennsylvania R. Co., 79 F.Supp. 252 (E.D.Pa.1948); Clewell v. Pummer, 388 Pa. 592, 131 A. 2d 375 (1957). Although the granting or refusing of a new trial on the ground that the verdict is against the weight of the evidence is a matter addressed to the sound discretion of the trial judge, the Court must abstain from interfering with the verdict unless it is quite clear that the jury reached a seriously erroneous result. The credibility of witnesses is peculiarly for the jury and the Court cannot grant a new trial merely because the evidence was sharply in conflict. Lewin v. Metropolitan Life Insurance Co., 394 F.2d 608 (3d Cir. 1968). See generally 6A Moore's Federal Practice, § 59.08 [5] at 59–159 (2d Ed.1974). The Court must be especially cautious not to infringe upon the primary function of the jury where the subject matter of the litigation is simple and easily understood by any intelligent layman. In a case such as this, the main function of the jury is to determine the credibility of the witnesses, i. e., what testimony is to be believed. Lind v. Schenley, Inc., 278 F.2d 79 (3d Cir. 1960).

The evidence in this case was in sharp conflict. The jury was left with the task of evaluating the credibility of the witnesses who testified. Both Mr. Hard and Mr. Calebaugh, the passenger in Mr. Hard's vehicle, testified that the vehicle in which they were traveling was at all times on the right side of the road and that the defendant approached them in the same lane at a speed far in excess of the legal speed

limit. (N.T. 27, 28, 75). They then testified that the accident occurred when the defendant Stevens attempted to turn his car into the left lane to pass the Hard vehicle and that they were rear ended by Stevens. In addition, Mr. Calebaugh testified that after the accident he asked the defendant Stevens what had happened and Stevens replied that he had misjudged the distance between the vehicles when he attempted to pass. (N.T. 70, 71). On the other hand, the defendant Stevens testified that he was traveling at about 60–65 miles per hour and was in the left lane at all times. He claimed that as he was passing the Hard vehicle, Mr. Hard suddenly swerved to his left in front of him and he could not avoid colliding with the left rear of Hard's vehicle even though he had immediately applied his brakes. (N.T. 4, 85). Mr. Stevens' version of the accident was corroborated by his wife, Paula, who was a passenger with him. (N. T. 105). Harry Sickler, a state police officer who investigated the accident immediately after it occurred, testified that he found a set of skid marks on the road at the scene of the accident which led from the left lane of the Turnpike to the ultimate resting place of the Stevens vehicle on the right shoulder of the road. This set of skid marks began approximately 100 feet from a second set of skid marks which led from the middle of the Turnpike to the Hard vehicle on the right shoulder of the highway. (N.T. Sickler 32, 43). On the basis of the testimony presented at the trial, we cannot find that the verdict was against the weight of the evidence.

Plaintiff alleged other grounds in his motion for a new trial, but did not refer to them in his briefs. The Court has nevertheless reviewed the entire record and finds no basis upon which to grant a new trial.

Accordingly, the following Order is hereby entered:

ORDER

And now, this 9th day of January, 1975, it is ordered that plaintiff's Motion for a New Trial is hereby denied.