Eunice K. ERNST, et al.

v.

ACE MOTOR SALES, INC., et al.

Civ. A. No. 80-2744.

United States District Court,
E.D. Pennsylvania.

Nov. 12, 1982.

Norman Perlberger, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for plaintiffs.

Robert S. Forster, Jr. and Joseph P. Green, Krusen, Evans & Byrne, Philadelphia, Pa., for defendants.

## MEMORANDUM

GILES, District Judge.

Eunice Ernst was severely injured when her Honda Civic collided with defendant's truck, driven by defendant's employee, Charles Cleary. On December 9, 1981, in response to a special interrogatory, a unanimous jury found that Cleary was not negligent. From a verdict molded in favor of the defendant, plaintiff moves for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is denied.

The accident occurred at the intersection of Geryville Pike and McLean Station Road. (N.T. at 18–19). Mrs. Ernst was traveling south on Geryville Pike. Mr. Cleary was on McLean Station Road in the process of making a left turn onto the northbound lanes of Geryville Pike. According to her testimony, when Mrs. Ernst saw the truck enter the intersection, she veered to the far right side of the road, attempting to go around the back of the truck to avoid a collision. (N.T. at 23). Upon realizing that she was not going to make it around the truck, Mrs. Ernst then slammed on her brakes. (N.T. at 65). The left front of her car crashed forcefully into the rear of the defendant's truck.

## DISCUSSION

The granting or denial of a motion for a new trial lies within the discretion of the trial judge. *Larsen v. IBM Corp.,* 87 F.R.D. 602, 606 (E.D.Pa.1980); *Hard v. Stevens,* 65 F.R.D. 637, 640 (E.D.Pa.1975). In deciding whether to grant or deny the motion, the court must be careful not to impinge upon the function of the jury. As one court stated: "[t]he Court may not substitute its own judgment for that of the jury merely because it may have reached a different conclusion." *Larsen,* 87 F.R.D. at 606 (citing *Spurlin v. General Motors Corp.,* 528 F.2d 612, 620 (5th Cir.1976)).

### A. *The Testimony of Officer Rupp*

In her motion, plaintiff asserts various grounds for a new trial. Her central allegation [1] concerns the testimony of Officer Rupp, the Police Chief for the township who arrived on the scene about five to ten minutes after the accident. Over objection, Officer Rupp was permitted to testify on cross-examination as to the point of impact of the two vehicles.[2] Since he was not present to observe the accident, his testimony was opinion evidence. Plaintiff contends that eliciting his opinion was beyond the scope of direct examination and particularly prejudicial since a police officer wears a "badge of authority." Plaintiff maintains that the jury gave undue weight to Officer Rupp's opinion, asserting that point of impact was the ultimate issue in the case.

Having reviewed the transcript, the parties' briefs and the oral argument, I find that permitting Officer Rupp to so testify was neither erroneous nor prejudicial. Plaintiff's counsel "opened the door" on direct by asking questions which, although not expressly couched in terms of opinion, called for opinion testimony on point of impact nevertheless. For example, in response to a question asked on direct examination, Officer Rupp stated, "I would say where I found it [the truck] to be is where it came to rest after impact." (N.T. 2.155). Since Officer Rupp did not witness the dynamics of the accident, necessarily it was

1. During oral argument, plaintiff's attorney argued this one issue almost to the exclusion of all others raised in the motion. Counsel admitted that the other grounds were not so prejudicial as to warrant a new trial. However, since counsel did not withdraw these grounds, I must address each.

2. Plaintiff also objects to Officer Rupp's testimony with regard to angle of impact. The court finds that *plaintiff's attorney did not preserve the issue by properly objecting. See Weaver v. Ford Motor Co.,* 382 F.Supp. 1068, 1075 (E.D.Pa.1974), *aff'd,* 515 F.2d 507 (3d Cir. 1975). However, even if plaintiff had effectively objected at trial, the same discussion and holding would apply to both point and angle of impact.

his opinion that where he found the defendant's vehicle was where it came to rest after impact. Implicitly, this testimony called into play the witness's assumption as to the point of impact and the subsequent path of plaintiff's vehicle. On cross-examination, then, it was proper to permit defense counsel to inquire into the basis or foundation of that opinion testimony.

Plaintiff's counsel also inquired of Officer Rupp on direct; "[w]ere you able to ascertain whether that debris was from the Ernst vehicle?" Officer Rupp responded; "[i]t [sic] my opinion that it did." (N.T. at 2.171). The association of the debris with plaintiff's vehicle was based upon the conclusion that there was a trail of debris leading from a point on the highway to plaintiff's vehicle and not upon any comparative examination of the type of debris and the intact glass on the vehicle.

■ At the outset, I note that I have been referred to state law on this point. State law of evidence is applicable in a federal district court only to the extent that the situation is not governed directly by the Federal Rules of Evidence. *See, e.g.,* Fed. R.Evid. 101; *Werner v. Upjohn Co., Inc.,* 628 F.2d 848, 856 (4th Cir.1980), *cert. denied,* 449 U.S. 1080, 101 S.Ct. 862, 66 L.Ed.2d 804 (1981). Here, the Federal Rules of Evidence control and directly support the admission of this testimony.[3]

■ Rule 701 of the Federal Rules of Evidence abrogates the common law by allowing lay witnesses to testify to opinions or inferences if they are "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." As the Third Circuit noted in *Teen-*

*Ed, Inc. v. Kimball Intern, Inc.,* 620 F.2d 399 (3d Cir.1980): "(t)he expression of opinion or inferences by a lay witness is permitted because of the qualification in Rule 701(a) that the factual predicate of the testimony be within the witness's perception." 620 F.2d at 403. Here, Officer Rupp's opinion about the point of impact was based upon his perception of physical evidence found at the accident scene; more particularly, his opinion was based upon a trail of debris leading from the highway to the plaintiff's car. (N.T. at 2.195–196). The officer's logic was simple—the accident occurred where the largest concentration of debris was found and dissipated in the direction in which the car proceeded to point of rest. This opinion was susceptible to specific cross-examination, *see Teen-Ed,* 620 F.2d at 403, and was of such a nature as to be helpful to a jury. A trial judge may exercise discretion to admit lay opinion testimony, *see Seese v. Volkswagenwerk A.S.,* 648 F.2d 833, 844 (3d Cir.1981); *Scheib v. William-McWilliams Co., Inc.,* 628 F.2d 509, 511 (5th Cir.1980); *Teen-Ed,* 620 F.2d at 402, and under the circumstances of this case that discretion was not abused. Similar testimony was elicited from the defendant's expert witness, whose qualifications are not questioned by the plaintiff.

■ Officer Rupp's testimony was also admissible because he had expertise as an accident investigator. After plaintiff's counsel objected to the inquiry as to point of impact, and the objection was overruled because the opinion was within the competency of a lay person to express, he insisted that Officer Rupp not be permitted to offer any opinion unless qualified as an expert in accident investigation. Defendant's counsel then inquired into Officer Rupp's training

---

**3.** Plaintiff cites a number of state court decisions granting new trials because of opinion testimony by police officers. However, in those cases it was opinion testimony as to the cause of the accident which was prohibited. *See Brodie v. Philadelphia Transp. Co.,* 415 Pa. 296, 299, 203 A.2d 657, 658 (1964) (trolley traveling too fast for road conditions and was "out of control"); *Lesher v. Henning,* —— Pa.Super. ——, 449 A.2d 32 (1982) (failure to stop at a stop sign caused the collision). Here, Officer

Rupp's testimony simply goes to where the accident happened—not what caused it. Similarly, in *Morris v. Moss,* 290 Pa.Super. 587, 591–92, 435 A.2d 184, 186 (1981), the court allowed an officer to render an opinion with respect to the speed a car was traveling by analyzing skid marks. The speed of a car and the point of impact are similar; they are circumstances surrounding the accident. Therefore, even if Pennsylvania law were applicable, the evidence would likely be admissible.

and experience in the investigation of accidents. (N.T. at 2.190–.194). Qualifications for expert testimony under Fed.R.Evid. 702 are very broad and are to be liberally construed. *See Knight v. Otis Elevator Co.,* 596 F.2d 84, 88 (3d Cir.1979). In light of Officer Rupp's testimony that he was chief of police for eight years, had received formal training in accident investigation and had experience investigating no less than two to three hundred accidents, N.T. 2.191–.193, he surely possessed the requisite "knowledge, skill, experience, training or education," required under R. 702. As an expert, his opinion on point of impact would have been admissible.

In *Knight v. Otis Elevator Co.,* 596 F.2d 84 (3d Cir.1979), a chemist and engineer was not permitted to testify as an expert on whether unguarded elevator control buttons constituted a design defect. The district court reasoned that the putative expert had no experience in the design and manufacture of elevators. The Third Circuit reversed, noting that these defects should go to the weight rather than admissibility of the testimony. 596 F.2d at 88. Similarly, any contention as to Officer Rupp's credentials or the foundation for his opinion went to the weight of the evidence. Indeed, the fact that his opinion was based only upon the concentration of debris, rather than measurements, was amply pointed out to the jury. Plaintiff's counsel had full opportunity to impeach Officer Rupp as an accident investigator and to demonstrate to the jury that he was not an accident reconstructionist, *see* N.T. at 2.224–.258. Accordingly, it was left to the jury to determine the weight to be given Officer Rupp's testimony.

Therefore, Officer Rupp could be characterized as either an expert or a layman. Although unusual, this is hardly the first time a witness has been deemed to wear two hats. In *Teen-Ed,* it was held that an accountant could testify either as a layman with regard to his opinion of how lost profits should be calculated, or as an expert on the use of accepted accounting principles on the same topic. 620 F.2d at 403. Similarly, in *Farner v. Paccar, Inc.,* 562 F.2d 518 (8th Cir.1977), the court held that someone who had been in the trucking industry for thirty years and who controlled a number of tractors could testify to the use of safety chains as either a lay witness or as an expert. 562 F.2d at 529.

■ Therefore, it was not prejudicial for Officer Rupp to testify with respect to point of impact. The "door was opened" by plaintiff's solicitation of opinions on direct; the opinion was admissible as lay opinion testimony under Rule 701 or as expert testimony under Rule 702. In addition, Rule 704 provides that opinion testimony is permissible on an ultimate issue. Assuming that the point of impact was an ultimate issue, something which I need not decide, the opinion testimony would still have been admissible.

### B. *Application of the Incontrovertible Physical Facts Doctrine*

■ Plaintiff contends that the jury verdict for defendant was against the weight of the evidence because the jury ignored "incontrovertible physical facts." Incontrovertible physical facts are those which would make a different version of the accident literally impossible. *See Reiser v. Smith,* 332 Pa. 389, 2 A.2d 753, 755 (1938). Testimony must be rejected if it conflicts with physical facts "so clearly established that they cannot be erroneous." *Brett v. Phila. Transp. Co.,* 154 Pa.Super. 429, 430, 36 A.2d 230, 230 (1944). For example, if a vehicle is damaged only on the front right side, a party cannot contend that the car was hit only in the rear. The actual damage to the vehicle would constitute an incontrovertible physical fact.

■ Plaintiff alleges that certain evidence introduced at trial, not rebutted by the defendant, constituted incontrovertible physical facts. Specifically, plaintiff points to photographs of the accident scene and skid marks on the road. The photographs allegedly suggest a 45 degree angle of impact between the two vehicles. However, the Pennsylvania Supreme Court has recognized the inherent unreliability of photo-

graphs in *Heimbach v. Peltz,* 384 Pa. 308, 311–12, 121 A.2d 114, 116–17 (1956). Noting the multitude of factors which can distort a photograph, the court stated; "[t]he incontrovertible physical facts rule . . . does not award to photographs the infallibility contemplated by the [court below]", 384 Pa. at 311, 121 A.2d at 116. I conclude that the photographs do not rise to the level of incontrovertible physical facts. Similarly, although the skid marks on the road constitute undeniable physical evidence, the reason for their presence is subject to many interpretations. Plaintiff's expert drew conclusions from these tire marks, N.T. at 4.21–22, but they were merely opinions. Since another expert could have reached a different conclusion looking at the same skid marks, they cannot be characterized as "incontrovertible." In short, plaintiff presented no physical evidence which dictated how the accident must have happened. There was ample room in the evidence presented for the jury to reach various conclusions. Therefore, I find that the verdict was not against the weight of the evidence under the incontrovertible physical facts doctrine.

### C. *The Testimony of Charles Cleary*

 Plaintiff attaches error to the court's refusal to permit Charles Cleary, the driver of defendant's truck, to be called as an adverse witness. This allegedly prevented plaintiff's attorney from questioning Mr. Cleary as if on cross-examination. Additionally, plaintiff objects to the court's characterization of Mr. Cleary as "plaintiff's witness." These claims are wholly without merit. Despite the labels, plaintiff's counsel did examine Mr. Cleary as if on cross and he was a witness in plaintiff's case. Plaintiff actually sought to have Cleary's testimony binding only upon defendant and not considered at all by the jury in plaintiff's case. *See, e.g.,* N.T. at 1.34–.46. The court instructed the jury that Mr. Cleary was the driver of defendant's vehicle, *see,* N.T. at 1.21, 6.117–.118, and that he had an interest in the outcome of the case. N.T. at 6.127. This instruction sufficed to apprise the jury that Mr. Cleary

was considered by plaintiff to be an adverse witness. Although plaintiff advances this as a basis for new trial, the contention that counsel was precluded from calling Mr. Cleary as a hostile witness under Rule 611(c) of the Federal Rules of Evidence was withdrawn. N.T. 2.12.

### D. *The Assured Clear Distance Ahead and Sudden Emergency Doctrines*

Plaintiff contends that the court erred in its instructions to the jury on the assured clear distance ahead and sudden emergency doctrines. The former is inappropriate, claims plaintiff, when two vehicles are in motion or where an oncoming vehicle serves as an obstacle. In addition, it is asserted that it was error to instruct the jury on both of these doctrines.

 The assured clear distance ahead doctrine, a common law principle, has been codified at Pa.Cons.Stat.Ann. tit. 75 § 3361 (1977), which provides that "No person shall drive a vehicle . . . at a speed greater than will permit him to bring his vehicle to a stop within the assured clear distance ahead." Assured clear distance ahead is the distance which a person can "clearly see." *Enfield v. Stout,* 400 Pa. 6, 11, 161 A.2d 22, 25 (1960); *Unangst v. Whitehouse, et al.,* 235 Pa.Super. 458, 463, 344 A.2d 695, 698 (1975). Some Pennsylvania cases appear to hold that the doctrine is applicable only to essentially static objects or objects moving in the same direction. *See, e.g., Fleischman v. Reading,* 388 Pa. 183, 186, 130 A.2d 429, 431 (1957); *Reifel v. Hershey Estates,* 222 Pa.Super. 212, 218, 295 A.2d 138, 141 (1972). However, the doctrine was held to be applicable where one vehicle approaching an intersection had the right of way and the other had a stop sign. *Enfield v. Stout,* 400 Pa. 6, 12, 161 A.2d 22, 25 (1960). The court in *Enfield* stated:

> While the driver of an automobile on a through highway may properly assume that one approaching that highway on a stop street will perform his legal duty to stop and yield the right-of-way . . ., still the right-of-way on a through highway is

a qualified one and the driver of an automobile thereon must take such precautions in regard to the control and speed of his car and keeping an alert lookout for cars approaching the intersection .... 400 Pa. at 12, 161 A.2d at 25 (citations omitted). Recently the Pennsylvania Superior Court attempted to reconcile *Enfield* with apparently contradictory case law. In *Unangst v. Whitehouse,* 235 Pa.Super. 458, 344 A.2d 695 (1975), the court held that lateral movement, across an intersection is "essentially static." The laterally moving vehicle does not move away from or towards the other vehicle, thus it does not alter the distance between them or the assured clear distance ahead. *Unangst,* 235 Pa.Super. at 466, 344 A.2d at 699–700. This approach makes much more sense, especially given plaintiff's admission that she saw the defendant's truck at the intersection. N.T. at 23–24. Like in *Enfield* and *Unangst,* therefore, an instruction on the assured clear distance ahead rule was required.

 The assured clear distance ahead doctrine does not apply when a sudden or clear emergency arises. *See Unangst,* 235 Pa.Super. at 464, 344 A.2d at 698. In such situations, it is inappropriate to instruct the jury on the assured clear distance ahead doctrine. However, it is well settled that where the evidence leaves some doubt as to whether an emergency situation existed, there is a question of fact for the jury, and the jury should be instructed on *both* the assured clear distance ahead and sudden .emergency doctrines. The dual instructions assures that the jury has the applicable law for whatever factual scenario they find occurred. *Potenburg v. Varner,* 284 Pa.Super. 19, 22, 424 A.2d 1370, 1372 (1981); *Stacy v. Thrower Trucking, Inc.,* 253 Pa.Super. 150, 156–57, 384 A.2d 1274, 1277 (1978); *Unangst v. Whitehouse,* 235 Pa.Super. 458, 468–69, 344 A.2d 695, 700 (1975). In *Ernst,* it was not proven conclusively how the accident occurred. The jury was free to believe the plaintiff's version, the defendant's version or some other version of the incident. As such, it was consistent with Pennsylvania law to instruct the jury on both the assured clear distance ahead and the sudden emergency doctrines.

### E. *Exclusion of Evidence*

 Lastly, plaintiff complains that the court should have allowed her accident reconstructionist to testify about the condition of the accident scene some ten days after the incident and to render an opinion that certain glass and debris later photographed at the rear of the vehicle was from plaintiff's car. Although plaintiff offered to have Officer Rupp show that there were no intervening accidents at the site, I adhere to my previous ruling, excluding such testimony as not probative. On a public road, an infinite number of factors can change physical evidence. How the scene looked ten days later, where glass and debris were located, is not probative of the scene on the day of the accident. Plaintiff's counsel assumes that if there was an accident, Officer Rupp would have known and that in the absence of intervening accidents, the scene would look the same as on the day of the accident. Common sense dictates that this is not the case. A less than cautious driver might screech to a halt at a red light, creating skid marks on the road. A pedestrian might kick some debris out of the way while crossing the street. It is highly unlikely that the Chief of Police would receive reports of all such occurrences. Therefore, the proffered evidence was simply not relevant with respect to the condition of the road immediately following the accident. Additionally, the exclusion of this evidence was not prejudicial. Officer Rupp had earlier rendered an opinion that the glass and debris found in the vicinity of plaintiff's car came from that vehicle. Moreover, plaintiff's experts were not hampered in rendering their opinions. *See, e.g.,* N.T. at 4.21–.22, 4.31.

Plaintiff attacks the court's response to plaintiff's counsel's argument before the jury seeking reversal of the exclusionary ruling that other events could have caused or disturbed the physical evidence. This contention is without merit. In the preliminary and final instructions, the jury was

instructed that the court's rulings on evidentiary matters and comments to counsel did not constitute evidence in the case and must be disregarded for all purposes in their deliberations.